[Cite as *JPMorgan Chase Bank v. Clark*, 2017-Ohio-7765.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 MA 0080 |
| VS. | ) | |
| | ) | OPINION |
| DANIEL CLARK, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 2012 CV 01518

JUDGMENT:  Affirmed.

APPEARANCES:
For Plaintiff-Appellee

Attorney Matthew Richardson
P.O. Box 165028
Columbus, Ohio 43216-5028

Attorney Harry Cappel
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-4060

Attorney Kara Czanik
7759 University Drive, Suite A
West Chester, Ohio 45069

For Defendant-Appellant

Attorney John Zomoida
Town One Square
40 South Main Street
Poland, Ohio 44514

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: September 21, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Daniel Clark, appeals the trial court's judgments denying his motion to vacate the sheriff's sale and confirming the subsequent sheriff's sale. As Clark's arguments are meritless, the judgment of the trial court is affirmed.

{¶2} In 2012, JP Morgan Chase initiated a foreclosure action against Clark. After Clark filed an answer, Chase filed a motion for summary judgment which was granted by the trial court in 2013. Clark did not appeal this judgment. Chase assigned the mortgage to Christiana Trust, a Division of Wilmington Savings Fund, on June 11, 2014.

{¶3} Subsequent to the foreclosure judgment being entered, Clark filed for bankruptcy protection, which automatically stayed further proceedings in the trial court. After bankruptcy proceedings were concluded, the automatic stay was lifted in 2014. As loss mitigation was unsuccessful, Christiana Trust filed the praecipe for order of sale on September 8, 2015, and a sheriff's sale was set for March 29, 2016.

{¶4} On March 28, 2016, Clark filed a motion to cancel the sheriff's sale. Within his motion Clark acknowledged that the trial court issued a final judgment entry in favor of Chase against him in 2013. Yet he argues that the trial court record does not contain a motion substituting Christiana Trust for Chase as plaintiff, but presents no argument how this is erroneous beyond making the statement that this violates Civ.R. 17(A) and Civ.R. 25(C). Clark also argues that his attorney did not receive notice of the sheriff's sale in compliance with the local rule. Christiana Trust and Chase both opposed the motion, which was denied by the trial court. The property was ultimately sold at the sheriff's sale on March 29, 2016.

{¶5} On April 13, 2016, Clark filed a motion to vacate the sheriff's sale, which the trial court overruled. On June 1, 2016, the trial court filed a judgment entry confirming the sale and ordering distribution of the proceeds.

{¶6} In his sole assignment of error, Clark asserts:

> The trial court erred by denying the Motion to Vacate Sheriff's Sale of Defendant-Appellant, Daniel Clark, and by confirming the sale of his residence by the Mahoning County Sheriff.

**{¶7}** Civ.R. 60(B) provides the exclusive remedy for vacating judgments and balances the need for judgments to be final and the need for courts to vacate their orders to further justice and fairness. *Mount Olive Baptist Church v. Pipkin Paints and Home Imp. Center, Inc.*, 64 Ohio App.2d 285, 287, 413 N.E.2d 850 (8th Dist.1979). The standard of review to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.,* 9th Dist. No. 21703, 2004–Ohio–2122, ¶ 9. "An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal." *Smith v. Smith*, 7th Dist. No. 14 CA 0901, 2016-Ohio-3223, ¶ 13.

**{¶8}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If the movant fails to satisfy any of the above elements, the court shall deny relief. *Argo Plastic Products Co. v. Cleveland,* 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984), citing *GTE,* at 151.

**{¶9}** As Civ.R. 60(B) is the exclusive means by which to vacate a judgment, we review Clark's motion through that lens. He argued that the sale of his house should have been vacated because the Christiana Trust was not the real party in interest and that he did not receive notice of the sheriff sale in accordance with the local rules. However, Clark neither refers to Civ.R 60(B) in his motion nor presents any discussion of its elements. Moreover, the foreclosure action was fully prosecuted and reduced to judgment before it was assigned by Chase to Christiana Trust; thus Civ.R. 17(A) and Civ.R. 25(C) have no bearing on this case. As Clark did not meet any of the requirements of Civ.R. 60(B), the trial court did not abuse its discretion in

denying his motion to vacate the sheriff's sale.

**{¶10}** Turning to his second argument, Clark asserts Christiana Trust did not comply with the Loc.R. 13(D) because he received the notice of the sale eight days, and not two weeks, before the sale. He does not assert that the sale did not comport with the provisions in R.C. 2329.01 through .61. Chase counters that compliance with the local rule is not a basis for reversal where the borrower received notice under R.C. 2329.26.

**{¶11}** The decision whether to confirm a judicial sale is left to the sound discretion of the trial court. *Natl. Union Fire Ins. Co. v. Hall,* 2d Dist. No. 19331, 2003–Ohio–462, ¶ 12, and reversable only if the trial court has abused its discretion. *Smith.* In confirming a sheriff's sale, a trial court must determine whether the sale was conducted in accordance with R.C. 2329.01 through R.C. 2329.61. See R.C. 2329.31.

> [A]ll parties to the action or their counsel of record, whether they have appeared in the action or not, shall be served with a copy of the sheriff sale advertisement no later than two weeks prior to a sale scheduled thereon, and shall also be served with a copy of the confirmation of sale or dismissal entry.

Mahoning County Loc.R. 13(D).

**{¶12}** R.C. 2329.26(A)(1)(a) provides in pertinent part:

> (1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:
>
> > (i) Causes a written notice to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered. Such notice shall include the date, time, and

place of the sale if the sale is to be held at a physical location or the start date and web site address of the sale if the sale is to be held online. Such notice shall also include the provisional second sale date described in division (B) of section 2329.52 of the Revised Code, if applicable.

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (B) of Civil Rule 5.

{¶13} Clark suggests that the violation of the local rule violated his due process rights. Chase cites this Court's recent decision in *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651, 59 N.E.3d 706 (7th Dist.). Noting that the trial court's enforcement of local rules and decision on a motion to vacate lies within its discretion, we affirmed the trial court, holding: "Although compliance with local rules is expected of an attorney, violation of a local rule does not per se mandate relief from judgment." *Id.*, ¶ 34.

{¶14} Christiana Trust complied with the notice requirements contained in R.C. 2329.26, which Clark does not contest. He solely argues compliance with the local rule would have given him six days more notice. As stated in *Keck*, compliance with the local rules does not mandate the relief Clark requests of this Court. Further, enforcement of the local rules lies within the discretion of the trial court, and we cannot say the trial court abused its discretion.

{¶15} In sum, the trial court did not err in denying Clark's motion to vacate as he did not meet the requirements to show that he was entitled to the relief he sought. Further, the trial court did not err in issuing a confirmation of sale as the date Clark received notice of the sheriff sale complied with R.C. 2329.26; it was not an abuse of discretion by the trial court to not mandate compliance with Local R. 13(D). Accordingly, Clark's sole assignment of error is meritless, and the judgment of the

trial court is affirmed.

Donofrio, J., concurs.

Robb, P. J., concurs.