[Cite as *Tax Ease Ohio, L.L.C. v. Richards*, 2019-Ohio-5059.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| TAX EASE OHIO, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0061** |
| GREGORY S. RICHARDS, et al., | : | |
| Defendant-Appellant, | : | |
| HOME SUITE HOME PROPERTIES OF OHIO, LLC, | : | |
| | : | |
| Appellee. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2018 CV 00003.

Judgment: Reversed and remanded.

*Austin B. Barnes, David T. Brady,* and *Brian S. Gozelanczyk,* Sandhu Law Group, LLC, 1213 Prospect Avenue, Suite 300, Cleveland, OH 44115 (For Plaintiff-Appellee).

*Tony Dalayanis,* 12 East Exchange Street, 5th Floor, Akron, OH 44308 (For Defendant-Appellant).

*Antonios C. Scavdis, Jr.,* Scavdis & Scavdis, LLC, 261 West Spruce Avenue, P.O. Box 978, Ravenna, OH 44266 (For Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Gregory S. Richards, appeals from the judgment of the Portage County Court of Common Pleas, denying his motion to vacate a previous judgment in

foreclosure and order of sale, entered on certain real property, for failure of service. We reverse and remand the matter.

{¶2} Appellee, Tax Ease Ohio, LLC ("Tax Ease"), initiated the underlying tax certificate foreclosure action on January 2, 2018 against property located at 6377 Wayland Road, Wayland, OH 44285. Tax Ease initially attempted to perfect service on appellant, the owner of the property, via certified mail. When certified mail failed as unclaimed, Tax Ease proceeded to attempt service via ordinary mail, pursuant to Civ.R. 4.6. Service via ordinary mail was deemed successful on February 14, 2018. After filing dispositive motions, judgment was granted in Tax Ease's favor on April 18, 2018.

{¶3} On November 19, 2018, appellant filed the first of two motions seeking relief from the July 9, 2018 order of sale. On November 27, 2018, appellant filed the second motion. Tax Ease duly opposed to both motions and, after seeking leave to plead, Home Suite Home Properties of Ohio, LLC ("HSH") also opposed. On February 20, 2019 a hearing was held before the magistrate after which appellant withdrew his initial motion to vacate. In a subsequent order, the court formally noted the first motion was withdrawn and stated the second motion would remain pending. A status conference was scheduled for May 10, 2019. The status conference, however, was continued, per motion by HSH. In its April 25, 2019 entry granting the continuance, the court stated the status conference would be "reset at the convenience of this Court." The status conference was not reset and, without any further action by the parties or the court, the trial court entered judgment denying appellant's motion on April 29, 2019. This appeal follows.

{¶4} Appellant raises three assignments of error. His first and third provide:

2

{¶5} "[1.] The trial court in error found that it had jurisdiction to enter judgment against appellant where effective service of process has not been made upon appellant and appellant has not appeared in the case or otherwise waived service.

{¶6} "[3.] The trial court in error denied appellant's motion for relief from final judgment and/or stay where service of process was improper against appellant."

{¶7} Preliminarily, appellant framed his motion to vacate, and the trial court analyzed the same, pursuant to Civ.R. 60(B). An allegation that service failed, however, is a challenge to the court's jurisdiction over the person. *See Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997). And a judgment entered without proper service is null and void. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,* 87 Ohio St.3d 363, 366–367 (2000); *see also State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183 (1990). Accordingly, to the extent appellant can establish the court lacked in-personam jurisdiction, the requirements of Civ.R. 60(B) are inconsequential. The authority to vacate a void judgment is an inherent power of the court and is not derivative of Civ.R. 60(B). *See Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus.

{¶8} With this point in mind, appellant argues, pursuant to *Rafalski v. Oates*, 17 Ohio App.3d 65 (8th Dist.1984), he is entitled to have the judgment vacated because he submitted an uncontroverted statement that he did not receive service of the complaint. In *Rafalski*, the Eighth Appellate District held:

> {¶9} Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. * * * Appellant has presented no

3

evidence to show that appellee actually received service. It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service. (Citation omitted.) *Rafalski, supra*, at 66-67.

{¶10} While the foregoing statement supports appellant's position, other appellate districts, including this court, have rejected the *Rafalski* rule and advanced a more equitable procedure. *See Famageltto v. Telerico*, 11th Dist. Portage No. 0146, 2013-Ohio-3666, ¶18; *Redfoot v. Mikouis*, 11th Dist. Trumbull No. 96-T-5398, 1996 WL 761224, *2 (Nov. 29, 1996); *Infinity Broadcasting, Inc. v. Brewer*, 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶8; *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 125 (6th Dist.1991); *Sec. Natl. Bank and Trust Co. v. Murphy*, 2d Dist. Clark No. 2552, 1989 WL 80954, *2 (July 10, 1989). In these cases, the courts concluded that an unchallenged, self-serving affidavit may not be sufficient to render a judgment void ab initio. Instead, a court must hold an evidentiary hearing and assess the competency and credibility of the evidence. After doing so, a court may find the movant's assertion that he or she did not receive proper service untenable and overrule the motion.

{¶11} In *Famageltto, supra*, this court concluded an evidentiary hearing on a motion to vacate due to lack of service is necessary before denying the same. *Id.* at ¶19. This is particularly important where, as in this case, the original plaintiff, appellee, opposed the motion. Such a requirement "strikes the proper balance." *Id.* To wit: a strict application of *Rafalski* would allow a movant's self-serving claims to undermine a previously settled judgment. Were we to dispense with the hearing requirement, however, a trial court could deny a motion to vacate without full consideration of the merits. A hearing requirement requires the court to weigh the credibility of the parties'

4

positions and, after considering the evidence, accept a movant's position or decline to do so where the circumstantial evidence of receipt is compelling.

{¶12} Because the trial court in the instant matter denied appellant's motion without a hearing, it committed reversible error. Thus, the matter must be reversed and remanded for a hearing on appellant's motion.

{¶13} Appellant's first and third assigned errors are sustained.

{¶14} Appellant's second assignment of error provides:

{¶15} "The trial court in error required that appellant present that he had a meritorious defense where service of process was improper against appellant."

{¶16} Given our disposition of the second and third assignments of error, this assigned error is overruled as moot.

{¶17} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and the matter is remanded for the trial court to conduct an evidentiary hearing on appellant's motion to assess the evidence he has adduced in support of his argument that he did not receive service.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.