[Cite as *Dailey v. Miller*, 2022-Ohio-2280.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| DANIEL L. DAILEY, | CASE NO. 2021-G-0032 |
| Plaintiff-Appellant/<br>Cross-Appellee, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| TERRY E. MILLER, et al., | Trial Court No. 2021 F 000435 |
| Defendants-Appellees/<br>Cross-Appellants. | |

# **O P I N I O N**

Decided: June 30, 2022
Judgment: Affirmed in part, reversed in part, remanded

*Thomas I. Perotti*, Perotti Law Offices, LLC, 147 Bell Street, Suite 200, Chagrin Falls, OH 44022 (For Plaintiff-Appellant/Cross-Appellee).

*Orville E. Stifel*, II, 5310 Franklin Boulevard, P.O. Box 602780, Cleveland, OH 44102; and *Gerald R. Walton*, 6060 Rockside Woods Boulevard, N., Spectrum Building, Suite 200, Independence, OH 44131 (For Defendants-Appellees/Cross-Appellants).

MARY JANE TRAPP, J.

{¶1} Appellant/cross-appellee, Daniel L. Dailey ("Mr. Dailey"), and appellees/cross-appellants, Terry E. Miller and Dominique Dube (collectively, "the defendants"), appeal from the judgment of the Geauga County Court of Common Pleas granting the defendants' motion to vacate a default judgment rendered against them and in favor of Mr. Dailey.

{¶2} Mr. Dailey asserts two assignments of error, contending that the trial court erred by granting the defendants' motion to vacate because the trial court failed to impute

the neglect of their attorney to them for purposes of Civ.R. 60(B)(1) and because the defendants improperly submitted character evidence regarding Mr. Dailey's prior criminal convictions.

{¶3} The defendants assert three cross-assignments of error, contending that the trial court erred (1) by failing to address and grant their common law motion to vacate Mr. Dailey's Florida default judgment against them, which would have required the trial court to vacate the default judgment in the underlying case pursuant to Civ.R. 60(B)(4); (2) by failing to provide them with a hearing pursuant to Civ.R. 55 before granting default judgment against them; and (3) by failing to provide them with a hearing regarding their request for relief from default judgment pursuant to Civ.R. 60(B)(3).

{¶4} After a careful review of the record and pertinent law, we find as follows:

{¶5} (1) Mr. Dailey has not established reversible error regarding the trial court's granting of the defendants' motion to vacate. There is no indication that the trial court failed to impute the neglect of the defendants' first attorney to them. Rather, the express language in the trial court's judgment entry indicates that the trial court did impute counsel's neglect to the defendants but apparently found that it was excusable. In addition, the evidentiary rule Mr. Dailey cites relates to the admissibility of impeachment evidence in the context of jury trials or other evidentiary hearings, not the submission of evidentiary materials to support relief from a default judgment under Civ.R. 60(B). Nothing in the record compels a conclusion that the trial court relied on Mr. Dailey's prior convictions in reaching its judgment.

{¶6} (2) Although the trial court did not expressly address the defendants' contentions that relief from default judgment was warranted pursuant to Civ.R. 55, Civ.R.

2

60(B)(3), and/or Civ.R. 60(B)(4), our resolution of Mr. Dailey's appeal renders such arguments moot.

{¶7}   (3) The trial court also did not expressly address the defendants' "common law" motion to vacate the allegedly void Florida judgment, which creates a presumption that such motion was denied.  Since we cannot discern the trial court's basis for denying the motion, we sustain the defendants' first cross-assignment of error, in part, and remand for the trial court to set forth its reasoning.

{¶8}   Thus, we affirm the judgment of the Geauga County Court of Common Pleas in part, reverse in part, and remand for further proceedings.

### Substantive and Procedural History

{¶9}   Mr. Dailey is a resident of Florida, and the defendants are residents of Geauga County, Ohio.  In 2020, Mr. Dailey filed a "Complaint Seeking Equitable Relief for Declaratory Judgment and Commensurate Damages" against the defendants in Florida state court.  Mr. Dailey's claims sought to obtain exclusive ownership of a Briard dog that he purchased from the defendants.  In late December 2020, Mr. Dailey obtained a judgment by default against the defendants in the amount of $35,000 plus interest and costs.  Mr. Dailey subsequently filed the Florida judgment as a lien in Geauga County.

{¶10}  On July 19, 2021, Mr. Dailey filed a foreclosure complaint against the defendants' real property in the Geauga County Court of Common Pleas.  The defendants were served with the complaint and summons on July 26.  On August 30, Mr. Dailey filed a motion for default judgment.

{¶11}  The next day, the defendants, through counsel, filed a motion for leave to plead instanter and attached a proposed answer.  Counsel wrote that he was precluded from filing a timely answer due to "[d]ifficulty in obtaining documents" and as a result of

3

his "contracting a debilitating respiratory infection." Counsel further wrote that he is "semi-retired," "operates without staff," and returned to his practice the previous day "after recovering sufficiently to be able to work."

{¶12} Mr. Dailey filed a motion to strike and brief in opposition, alleging that the defendants' attorney was not currently registered to practice in Ohio. The defendants did not file a response. On September 23, the trial court filed a judgment entry granting Mr. Dailey's motion to strike.

{¶13} On September 30, the trial court filed a judgment and decree of foreclosure in favor of Mr. Dailey and against the defendants. The clerk of courts issued an order of sale to the Geauga County Sheriff on October 14.

{¶14} On October 19, the defendants, through different counsel, filed a motion to stay execution of the foreclosure judgment and the order of sale pursuant to Civ.R. 62(A), which Mr. Dailey opposed. The trial court did not expressly rule on the motion to stay.

{¶15} On November 3, the defendants filed a motion to vacate the foreclosure judgment and the order of sale. The defendants asserted numerous grounds for relief, including that (1) they had appeared in the matter for purposes of Civ.R. 55 and were entitled to a hearing and advance notice prior to the trial court's granting of default judgment; (2) the Florida judgment was void because that court lacked personal jurisdiction over them; (3) there was a mistake pursuant to Civ.R. 60(B)(1) and/or a misrepresentation pursuant to Civ.R. 60(B)(3) because their first attorney's registration was still active on the date he filed their motion for leave to plead instanter; and (4) if the trial court agreed to vacate the Florida judgment, then they were entitled to relief pursuant to Civ.R. 60(B)(4).

4

Case No. 2021-G-0032

{¶16} Within their motion, the defendants asserted that Mr. Dailey "lied" throughout the Florida proceedings and "suppressed documentary evidence that conclusively refuted his claims." They further asserted that Mr. Dailey lacked credibility because "during the course of dealing alleged in his Florida Complaint," he was convicted of federal drug offenses for which he served a prison sentence. The defendants submitted evidentiary material in support of their motion, including affidavits from their first counsel and from Ms. Miller, and Mr. Dailey's complaint in the Florida proceedings.

{¶17} On November 16, Mr. Dailey filed a motion to strike the defendants' motion to vacate and, alternatively, a brief in opposition. Mr. Dailey wrote, "**The introduction of this toxic evidence in a motion is tantamount to a mistrial**." (Emphasis sic.)

{¶18} On November 19, the trial court filed a judgment entry granting the defendants' motion to vacate, stating in relevant part:

{¶19} "While it is true the Defendants improperly delayed filing any response to [Mr. Dailey's] Complaint, it is also true that an actual effort to respond to the Complaint was undertaken when counsel * * * sought Leave to Plead on behalf of the Defendants just one day after [Mr. Dailey] moved for a default judgment. This court felt compelled to strike such request due to counsel's status. Default Judgement occurred shortly thereafter because Defendants then failed to take any further steps to remedy the pleading (Motion for Leave) which had been struck from the record.

{¶20} "Nevertheless, it appears the Defendants did attempt to address [Mr. Dailey]'s Complaint, even if tardy. And it appears Defendants are finally prepared to contest [Mr. Dailey's] claims. Like the majority of courts, this Court prefers that disputes are resolved on the merits, rather than by default judgments."

5

Case No. 2021-G-0032

{¶21} The trial court granted the defendants 10 days to file a response to Mr. Dailey's complaint. The defendants subsequently filed an answer and counterclaims against Mr. Dailey.

{¶22} On December 2, Mr. Dailey filed a notice of appeal. Five days later, the trial court filed an order stating that it was deprived of jurisdiction to rule on Mr. Dailey's motion to strike.

{¶23} Mr. Dailey raises the following two assignments of error:

{¶24} "[1.] The trial court committed prejudicial error in granting defendants-appellees' TERRY E. MILLER and DOMINIQUE DUBE motion to vacate default judgment of foreclosure (Order Granting Motion to Vacate Default, T.d. 35) when defendants-appellants first attorney had an opportunity to file an answer and did not, when defendants first attorney had an opportunity to timely register to practice law in Ohio as required by Rule VI of The Supreme Court Rules for the Governance of the Bar, and did not for Fifty-Seven (57) Days; and the first attorney's neglect must be imputed to defendants appellants per *GTE Automatic Electric Inc. v. ARC Industries, Inc*, was relied upon when the trial court struck Defendants-Appellees answer but seemingly was not considered by the trial court in the Civil. R. 60 (B) analysis, when defendants-appellants had 'appeared' in this action per *MCS Acquisition Corp. v. Gilpin*, 11th Dist. No. 2011-G-3037 (Order striking Motion for Leave to File Answer, T.d. 12)

{¶25} "[2.] The Trial Court committed prejudicial error in granting defendants-appellees motion to vacate default judgment of foreclosure (T.d. 35) when, defendants-appellees file a motion to vacate which collaterally attacks a properly domesticated foreign judgment, by improperly submitting character evidence via anecdotal evidence

from a webpage of the prior criminal conviction of plaintiff-appellant in clear violation of Evid. R. 403/404/609 (Motion to Vacate, T.d. 27, P. 3 motion/footnotes)" [sic throughout.]

{¶26} The defendants cross-appealed and raise the following three cross-assignments of error:

{¶27} "[1.] The trial court erred in failing to address and grant Defendant's common law motion to vacate the Florida default judgment where that judgment was void for lack of *in personam* jurisdiction over Defendants, and its vacatur would have necessitated vacatur of the Ohio foreclosure judgment under Civ.R. 60(B)(5).

{¶28} "[2.] The trial court erred in failing to accord Defendants a hearing before default judgment was entered against them, and in failing to address this issue when it was properly raised and preserved in Defendants' Motion to Vacate (T.d. 27, pp. 4-7).

{¶29} "[3.] The trial court erred in failing to address and accord Defendants a hearing on their claim that Plaintiff's counsel's claims regarding defense counsel's registration status (T.d. 27, pp. 16-17) constituted 'fraud . . . misrepresentation or other misconduct of an adverse party' entitling Defendants to relief from the default judgment under Civ.R. 60(B)(3)."[1]

### Mr. Dailey's Assignments of Error

{¶30} We review Mr. Dailey's two assignments of error together for ease of discussion.

{¶31} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *MCS Acquisition Corp. v. Gilpin*, 11th Dist. Geauga

---

1. Mr. Dailey filed a motion to stay these appeals pending resolution of the defendants' Florida proceedings to vacate that judgment. The defendants filed a motion to dismiss these appeals for lack of a final appealable order. This court overruled both motions.

7

No. 2011-G-3037, 2012-Ohio-3018, ¶ 20. Thus, our standard of review is whether the trial court abused its discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.*

## Civ.R. 60(B)

{¶32} Civ.R. 55(B) states that if a trial court enters a default judgment, "the court may set it aside in accordance with Rule 60(B)." Civ.R. 60(B) provides in relevant part:

{¶33} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶34} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is

8

granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

## Excusable Neglect

**{¶35}** Mr. Dailey's first assignment of error involves the "excusable neglect" ground for relief in Civ.R. 60(B)(1).[2]

**{¶36}** In a typical "excusable neglect" situation, an attorney (or a party) has failed to follow a requisite course of action, and the trial court has therefore penalized the party by dismissal or default judgment. 2 Robertson & Terez, *Baldwin's Ohio Practice Civil Practice*, Section 60:39 (Rev.Nov.2021). Thus, the movant alleges that the conduct of the attorney (or the party), although neglect, was excusable. *Id*.

**{¶37}** The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic* at 153. The determination of whether excusable neglect occurred "'must of necessity take into consideration all the surrounding facts and circumstances.'" *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988), quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980).

---

2. Although the trial court did use the phrase "excusable neglect" in its judgment entry, both sides contend that the court vacated the default judgment on that basis. We agree that the trial court's judgment entry may be construed in that manner.

Case No. 2021-G-0032

{¶38} Mr. Dailey first contends that the trial court erred by failing to impute the "neglect" of the defendants' first attorney to them pursuant to the Supreme Court of Ohio's decision in *GTE Automatic*.

{¶39} In *GTE Automatic*, a corporate defendant moved to vacate a default judgment rendered against it pursuant to Civ.R. 60(B)(1). *Id.* at 147. The defendant's president alleged that he had turned the complaint over to legal counsel, who informed him that there was "nothing to worry about." *Id.* The trial court vacated the judgment, relying on case law holding that the neglect of an attorney will not be imputed to his or client for the purpose of determining whether the client is entitled to relief under Civ.R. 60(B)(1). *Id.* at 152. The court of appeals reversed, finding that the contrary view taken by the federal courts was the better rule. *Id.* The Supreme Court of Ohio affirmed the court of appeals' reversal, adopting "the general rule that the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B) (1)." *Id.* at 153. The Supreme Court determined that the attorney's neglect was not excusable because it revealed "a complete disregard for the judicial system and the rights of the appellee." *Id.*

{¶40} Unlike in *GTE Automatic*, there is no indication that the trial court failed to impute the neglect of the defendants' first attorney to them. The trial court expressly noted that "the *Defendants* improperly delayed filing any response to Plaintiff's Complaint"; that it struck their first attorney's motion for leave to plead based on his purported unregistered status; and that "*Defendants* then failed to take any further steps to remedy the pleading." (Emphasis added.) Thus, the trial court's express language indicates that it *did* impute counsel's neglect to the defendants. The trial court apparently determined that such neglect was excusable based on the particular facts and

10

circumstances, which Mr. Dailey has not challenged on appeal. Accordingly, Mr. Dailey has failed to establish reversible error on the basis of *GTE Automatic.*

{¶41} Mr. Dailey next contends the trial court erred by giving the defendants "a second bite of the apple."

{¶42} Mr. Dailey cites no authority in support of this argument. We have previously employed this metaphor in the context of a Civ.R. 60(B) motion filed following an adverse summary judgment ruling. *See, e.g., Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga Nos. 2009-G-2931 and 2009-G-2940, 2010-Ohio-3359, ¶ 84-85; *Spellman Outdoor Advertising Servs., LLC v. Ohio Turnpike & Infrastructure Comm.*, 2016-Ohio-7152, 72 N.E.3d 229, ¶ 33-34 (11th Dist.); *Karnofel v. Nye,* 11th Dist. Trumbull No. 2016-T-0119, 2017-Ohio-7027, ¶ 18. We held that "Civ.R. 60(B) does not permit parties to have 'do-overs' or 'second bites at the apple,' nor does it allow a party to have 'potentially unlimited opportunities to submit additional evidence' until that party has enough to prevail." *Karnofel at* ¶ 18, quoting *Adams* at ¶ 84-85.

{¶43} Here, the defendants sought relief from a default judgment, not a prior adverse judgment *on the merits.*

{¶44} In addition, the trial court did not make a prior "excusable neglect" determination. The defendants' motion for leave implicated Civ.R. 6(B)(2), which permits a party to file a late answer "where the failure to act was the result of excusable neglect." Although Civ.R. 6(B)(2) and Civ.R. 60(B)(1) use the same phrase, the Supreme Court of Ohio has held that they do not impose identical standards. *See State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995) ("[T]he test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)").

{¶45} Further, the trial court did not *deny* the defendants' motion for leave, much less deny it on the basis that the defendants failed to establish excusable neglect. Rather, the trial court *struck* the defendants' motion based on the purported registration status of their first attorney. Since Mr. Dailey's motion to strike was unopposed, the trial court stated that it had "no choice" but to grant it. Accordingly, the defendants' motion to vacate is not properly characterized as a "second bite" at the proverbial apple.

{¶46} Mr. Dailey's first assignment of error is without merit.

### Prior Convictions

{¶47} Mr. Dailey's second assignment of error involves the defendants' references to his prior criminal convictions in their motion to vacate.

{¶48} Mr. Dailey first contends that the trial court erred in granting the defendants' motion to vacate because the motion was so "scandalous and unorthodox" that it was not permitted to form the basis for vacating the default judgment. Mr. Dailey cites Civ.R.12(F), which provides that "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter."

{¶49} Mr. Dailey filed a motion to strike on the basis of Civ.R. 12(F). After Mr. Dailey filed his notice of appeal, the trial court filed a judgment entry stating that it was deprived of jurisdiction to rule on his motion to strike. Thus, the record indicates that the trial court has not yet considered it. Therefore, Mr. Dailey's Civ.R. 12(F) argument is not ripe for appellate review.

{¶50} Alternatively, Mr. Dailey contends that the trial court erred in granting the defendants' motion to vacate because they improperly submitted character evidence in violation of Evid.R. 403, 404, and 609.

12

Case No. 2021-G-0032

{¶51} Evid.R. 609 relates to the admissibility of impeachment evidence in the context of jury trials or other evidentiary hearings. Evid.R. 609(F) states in relevant part that "[w]hen evidence of a witness's conviction of a crime is admissible under this rule, the fact of the conviction may be proved only by the *testimony of the witness on direct or cross-examination* or by public record *shown to the witness during his or her examination.*" (Emphasis added.) By contrast, the defendants submitted evidentiary materials for the purpose of obtaining relief from a default judgment. The Supreme Court of Ohio has held that "[a]lthough a movant [under Civ.R. 60(B)] is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion." (Citation omitted.) *Kay*, *supra*, at 20.

{¶52} Even if the defendants improperly submitted evidence of Mr. Dailey's prior convictions, however, we find no reversible error. Reviewing courts presume that a trial court "'considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'" *State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987), quoting *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968). Nothing in the record compels a conclusion that the trial court relied on Mr. Dailey's prior convictions in reaching its judgment. Rather, the trial court's judgment entry focused solely on the actions of the defendants and their counsel in the underlying matter.

{¶53} Mr. Dailey's second assignment of error is without merit.

13

Case No. 2021-G-0032

{¶54} In sum, Mr. Dailey has not established that the trial court abused its discretion in granting the defendants' motion to vacate.

### The Defendants' Cross-Assignments of Error

{¶55} We review the defendants' three cross-assignments of error collectively and out of order for ease of discussion.

{¶56} In their second cross-assignment of error, the defendants contend that the trial court erred by failing to provide them with a hearing pursuant to Civ.R. 55 before granting default judgment against them. In their third cross-assignment of error, the defendants contend that the trial court erred by failing to provide them with a hearing on their claim for relief from default judgment pursuant to Civ.R. 60(B)(3), where they alleged "fraud * * * misrepresentation or other misconduct of an adverse party."

{¶57} The trial court did not expressly address whether relief from default judgment was warranted pursuant to Civ.R. 55 and/or Civ.R. 60(B)(3). However, our resolution of Mr. Dailey's appeal renders such arguments moot. *See State v. Hulgin*, 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 17. Accordingly, the defendants' second and third cross-assignments of error are dismissed as moot.

{¶58} In their first cross-assignment of error, the defendants contend that the trial court erred by failing to address and grant their "common law" motion to vacate the Florida default judgment. The defendants argued that the Florida judgment was void for lack of personal jurisdiction.

{¶59} The trial court did not expressly address this portion of the defendants' motion. A motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13. Nonetheless, the absence of an explicit ruling and any

14

analysis inherently limits a reviewing court's ability to evaluate whether the trial court's denial constituted reversible error. *See Brannon v. Edman*, 9th Dist. Summit No. 28544, 2018-Ohio-70, ¶ 20. Since we cannot discern the trial court's basis for denying the defendants' "common law" motion, we sustain the defendants' first cross-assignment of error, in part, and remand for the trial court to set forth its reasoning.

{¶60} The defendants further contend that the trial court's vacation of the Florida default judgment would have required it to vacate the default judgment in the underlying case pursuant to Civ.R. 60(B)(4), which authorizes relief when "a prior judgment upon which [the final judgment] is based has been reversed or otherwise vacated." In essence, the defendants contend that relief from the default judgment was also warranted pursuant to Civ.R. 60(B)(4). Our resolution of Mr. Dailey's assignments of error renders the defendants' Civ.R. 60(B)(4) argument moot. Accordingly, the remaining portion of the defendants' first cross-assignment of error is overruled.

{¶61} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings. On remand, the trial court shall address Mr. Dailey's motion to strike and the defendants' common law motion to vacate the Florida judgment.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

15