[Cite as *Fifth Third Bank, Natl. Assn. v. Audia*, 2024-Ohio-3374.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| FIFTH THIRD BANK,<br>NATIONAL ASSOCIATION,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>CHALMETTE AUDIA, et al.,<br><br>Defendant-Appellant. | CASE NOS. 2024-P-0014<br>2024-P-0016<br><br>Civil Appeals from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2023 CV 00456 |

### O P I N I O N

Decided: September 3, 2024
Judgment: Affirmed

*Laura C. Infante,* and *Ashley E. Mueller,* Clunk, Hoose Co., LPA, 495 Wolf Ledges Parkway, Akron, OH 44311 (For Plaintiff-Appellee).

*Jason A. Whitacre*, and *Jessica A. Wright*, Flynn Keith & Flynn, LLC, P.O. Box 762, Kent, OH 44240 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Chalmette Audia, appeals from the confirmation of sale of a property she owned after appellee, Fifth Third Bank, National Association ("Fifth Third") foreclosed. She separately appeals the trial court's denial of her motion to vacate that judgment and her motion for emergency stay of execution. Her appeals were consolidated for review. For the following reasons, the judgments of the Portage County Court of Common Pleas are affirmed.

{¶2} On June 9, 2023, appellee, Fifth Third Bank, National Association ("Fifth Third") filed a foreclosure complaint against Audia, the owner of real property located at 245 Brighton Drive, Aurora, Ohio 44202 ("Property"). Clubside Manor Condominium Owners' Association, Inc. ("Clubside Manor") and the Treasurer of Portage County were also named in the original complaint due to their interest in the Property. Audia was served with the original Complaint by certified mail. This Court's review of the record confirms that Audia was served with the original Complaint and she concedes that fact in her pleadings. Audia did not file an answer.

{¶3} An amended Complaint was subsequently filed, on August 8, 2023. The amended Complaint added a new party defendant, Barrington Master Association, Inc. The amended Complaint was mailed to Audia by regular or ordinary U.S. Mail. Clubside Manor and Barrington Master Association, Inc., filed answers admitting an interest in the Property. Audia did not file an answer or other responsive pleading to the amended Complaint.

{¶4} On September 28, 2023, Fifth Third filed a motion for default judgment. The motion was granted, and a Decree of Foreclosure was issued on November 8, 2023. The decree of foreclosure included notice of appellant's right to redeem the Property. Appellant did not redeem the Property and did not otherwise participate in the proceedings.

{¶5} The Property was subsequently sold on February 12, 2024 to Sumit Davre ("Davre"). On February 22, 2024, Fifth Third filed a motion to confirm Sheriff's Sale. The Confirmation of Sale was filed the following day, February 23, 2024.

2

**{¶6}** Three days after the filing of the Confirmation of Sale on February 26, 2024, Audia appeared for the first time by filing a motion to vacate void judgment pursuant to Civ.R. 60(B) and emergency stay of execution. In her motion, Audia sought to vacate the Decree of Foreclosure and the Confirmation of Sale. Audia argued that she was not served with the amended complaint and that she had the means to pay the amounts claimed by Fifth Third. Davre, the third-party purchaser, and Fifth Third filed responses in opposition to Audia's motion to vacate the judgment and for stay of execution.

**{¶7}** The trial court denied the motion to vacate the judgment and motion for stay of execution on March 13, 2024. The trial court concluded that "[Audia] has failed to provide to this [c]ourt operative facts and evidence to establish that the required elements necessary to succeed upon a motion for relief from judgment as established in Civ.R. 60(B). The service of the Amended Complaint in this matter was properly served upon [Audia] and [Audia] failed to redeem the property during the established timeframe. Also, [Audia]'s Motion fails to establish a meritorious defense to the underlying claims, but only states that she <u>now</u> has the means to pay off the amounts claimed owed by [Fifth Third]." (Emphasis in original).

**{¶8}** On March 14, 2024, Audia filed her notice of appeal from Confirmation of Sale. (Case No. 2024-P-0014). The following day, she filed a motion to stay execution of judgments pending appeal. The motion was granted on March 20, 2024.[1] On March 21, 2024, Davre filed a motion to vacate the trial court's order granting a stay of execution pending appeal. The same day, Audia filed a second notice of appeal from the trial court

---

1. Davre appealed this judgment which was dismissed for lack of a final appealable order. *Fifth Third Bank, Natl. Assn. v. Audia*, 2024-Ohio-2127 (11th Dist.).

Case Nos. 2024-P-0014, 2024-P-0016

denial of her Civ.R. 60(B) motion (Case No. 2024-P-0016).[2] The records for these appeals were filed on April 23, 2024 and April 30, 2024, respectively.

{¶9}   Audia raises the following assignments of error for review:

[1]. The trial court erred by failing to rule on Audia's common law arguments in her motion to vacate void judgment.

[2]. The trial court erred when it concluded Fifth Third properly served Audia with the amended complaint.

[3]. The trial court erred by failing to hold an evidentiary hearing on Audia's Civ. R. 60(B) arguments in her motion to vacate void judgment.

[4]. The trial court erred by failing to grant Audia's motion to vacate void judgment pursuant to Civ R. 60(B).

[5]. The trial court erred by granting Fifth Third's motion to confirm sheriff's sale without giving Audia an opportunity to respond.

{¶10}   The first four assignments of error relate to the trial court's decision on Audia's motion to vacate filed pursuant to Civ.R. 60(B) and common law. The fifth assignment of error relates to the filing of the Confirmation of Sale. Before considering the merits of the appeal, it is necessary to address Fifth Third's argument that this appeal is moot because the subject Property has been sold at Sheriff's sale and an order confirming sale has been issued.

{¶11}   In foreclosure actions, there are two judgments that are final, appealable orders, the decree of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v Roznowski*, 2014 Ohio-1984, ¶ 39. The Ohio Supreme Court further explained:

_____

2. These appeals were consolidated.

4

The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.

The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

{¶12} In *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, (1990), the Ohio Supreme Court stated:

It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. " 'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' " (Citation omitted).

*Id.*

{¶13} Audia argues the case is not moot because "the judgments in this matter have not been satisfied because: (1) the trial court stayed its judgment entries pending appeal; (2) Audia maintains possession of the subject property; and (3) the proceeds from

5

Case Nos. 2024-P-0014, 2024-P-0016

the sale of the property cannot be fully disbursed without violating court order, and any proceeds that may have been disbursed, were done so in violation of court order."

{¶14} It appears from the record before us that transfer of title and distribution of proceeds, including distributions to Fifth Third, were completed prior to the trial court's order staying the judgment pending appeal. While there are funds being held by the trial court to be distributed upon further order of the court, the existence of the excess proceeds from the sale does not require us to review this case on the merits. In other words, an appeal may be found moot even where funds remain distributed pursuant to further order of the trial court in the event of surplus funds.

{¶15} Audia next argues that the case is not moot because R.C. 2329.45 preserves the remedy of restitution in foreclosure proceedings even after the property has been sold at Sheriff's sale and the proceeds have been distributed.

{¶16} R.C. 2329.45 states:

> If a judgment in satisfaction of which lands or tenements are sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case[,] restitution in an amount equal to the money for which such lands or tenements were sold, with interest from the day of sale, must be made by the judgment creditor. In ordering restitution, the court shall take into consideration all persons who lost an interest in the property by reason of the judgment and sale and the order of the priority of those interests.

{¶17} This Court has recognized this narrow exception to the mootness doctrine in foreclosure cases. *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 2017-Ohio-885, ¶ 29 (11th Dist.). Recently, this Court again applied this exception and stated that the [Appellant]'s reliance on R.C. 2329.45 is sufficient to demonstrate the existence of a remedy so that the present appeal would not be moot if this court were to find in [Appellant]'s favor. *Bankers Guarantee Title & Tr. Co. v. Moyer*,

6

2021-Ohio-4058, ¶ 11 (11th Dist.). See also, *Ameriquest Mortg. v. Wilson*, 2007-Ohio-2576, ¶ 22 (11th Dist.).

{¶18} The Tenth Appellate District discussed its concern regarding a broad application of mootness to foreclosure cases where the Court voiced: "[i]t is a suspect argument to assert that a void, voidable, or merely erroneous judgment might evade appellate review simply because it was rendered rapidly, completely, and without notice." *Everhome Mgte. Co. v. Baker*, 2011-Ohio-3303, ¶ 14 (10th Dist.). A broad application of mootness to foreclosure cases, "would allow no recourse in a case in which a foreclosure action proceeded, completely in error and without any notice to the property owner, from complaint to default to foreclosure and sale. * * * [A]dopting mootness as a rule of convenience here would invite injustice in future cases presenting harsher facts." *Id.* See also, *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 2017-Ohio-885, ¶ 30 (11th Dist.).

{¶19} Audia also referenced R.C. 2325.03 in support of her claim that this case is not moot. R.C. 2325.03 provides that if the judgment is vacated and Audia "was not lawfully served with process or notice, as required by the law or Civil Rules applicable to the proceeding" the third-party purchaser's title may be affected.

{¶20} A review of the record before us shows that while Audia filed an initial motion to stay execution of judgment after the Confirmation of Sale, that motion was denied by the trial court along with her motion to vacate. Prior to the trial court later staying the case pending appeal, title to the property transferred and the distribution of proceeds to Fifth Third was made pursuant to the Confirmation of Sale. In other words, these actions took place prior to the trial court's March 20, 2024 Order staying the case pending appeal.

7

**{¶21}** Audia did not argue in the trial court and does not argue before this Court that Fifth Third did not have the ability to foreclose or that the amount owed on the mortgage was otherwise incorrect. Instead, after failing to appear prior to the Confirmation of Sale despite service on the original Complaint, Audia filed a motion to vacate pursuant to Civ.R. 60(B), seeking to vacate the decree of foreclosure and the Confirmation of Sale. She alleged lack of service on the amended Complaint as the basis of her motion and further claimed she had the financial means to redeem the Property. She offered no evidentiary material in support of that claim.

**{¶22}** Because the Property has been sold and the title has been transferred, her ability to redeem the Property was extinguished upon Confirmation of Sale. As Audia alleges that the trial court lacked personal jurisdiction and because there is a potential remedy pursuant to R.C. 2325.03 and R.C. 2329.45 in the event of a reversal, we conclude that the appeal is not moot, and will address the merits.

**{¶23}** Appellant's first, second, third, and fourth assignments of error are regarding the motion to vacate and will be addressed together.

**{¶24}** "The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *MCS Acquisition Corp. v. Gilpin*, 11th Dist. Geauga No. 2011-G-3037, 2012-Ohio-3018, ¶ 20. Thus, our standard of review is whether the trial court abused its discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.2004)." *Dailey v. Miller*, 2022-Ohio-2280, ¶ 31 (11th Dist.).

8

{¶25} If an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Beechler*, at ¶ 67. Whereas if the issue being reviewed has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result, without more, is not enough to find error *Id.*

{¶26} In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, paragraph two of the syllabus (1976), the court held:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶27} All three requirements must be met to prevail on a motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20 (1988). See also, *Talikka v. Namey*, 1996 WL 494742, *1–2 (11th Dist.).

{¶28} In her first assignment of error, Audia argues that the trial court did not rule on her common law motion to vacate and did not hold a hearing on the motion. Specifically, Audia argues that the trial court did not address her claim that the court lacked personal jurisdiction over Audia on the amended Complaint.

{¶29} Personal jurisdiction is a question of law that appellate courts review de novo. *Willowick Bldg. Dept. v. Shoregate Towers NS, LLC*, 2024-Ohio-700, ¶ 29 (11th Dist.) citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551¶ 27.

> In Ohio, it is well-established that before a trial court can enter judgment against a defendant, it must first have personal jurisdiction over the defendant. *Sweeney v. Smythe*, Cramer

9

> Co., 11th Dist. Geauga Nos. 2002–G–2422 and 2002–G–2448, 2003-Ohio-4032, 2003 WL 21750638, ¶ 12. Accordingly, a default judgment issued by a court without jurisdiction over the person of the defendant is void. *Id.* The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus (1988). When a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). See *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus (1990).

*Famageltto v. Terico*, 2013-Ohio-3666 ¶ 11 (11th Dist.). See also, *Tax Ease Ohio, LLC v. Richards*, 2019-Ohio-5059, ¶ 10 (11th Dist.).

{¶30} The facts in *Famageltto* are readily distinguishable from this case. In *Famageltto*, the original complaint was sent by certified mail. Service was attempted, but was returned to the clerk unclaimed. *Id.*, ¶ 12. Service was then attempted by ordinary U.S. mail. Terico filed a motion to vacate and alleged lack of service. In support of his position he supplied an affidavit to that effect, Famageltto did not offer any evidence in contradiction of that claim. This court concluded that under those circumstances, the trial court "cannot dismiss an allegation of lack of notice without affording a hearing to assess the credibility of the defendant's assertions that he did not receive service of the complaint." *Id.,* at ¶ 19 citing *Infinity Broadcasting, Inc. v. Brewer*, 2003-Ohio-1022, ¶ 8 (1st Dist.).

{¶31} Here, Audia conceded that she received service on the original complaint by Fifth Third. The record supports this concession as a return receipt is docketed. "Proper service of process is a prerequisite for personal jurisdiction." [Citations omitted]. *Williams v. Gray Guy Group, L.L.C.*, 2016-Ohio-8499, ¶ 18 (10th Dist.).

10

{¶32} It is further undisputed that Audia did not file an answer to the original Complaint. Fifth Third filed a motion for default against her. Audia did not oppose that motion.

{¶33} Fifth Third subsequently amended their Complaint to include another party with a potential interest in the Property. Fifth Third Bank, unlike *Famageltto*, filed an opposition to Audia's claim. Fifth Third provided evidence which contradicted Audia's claim of lack of service.

{¶34} Further, "[s]ervice is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6." Civ. R. 5. While not required, because the amended Complaint simply added another party with a potential interest in the Property, the amended complaint was served on Audia by ordinary U.S. Mail according to the Certificate of Service. Audia alleges that this service was defective.

{¶35} While the trial court couched its decision denying the motion to vacate under the premise of Civ. R. 60 (B), the trial court ultimately concluded that the amended Complaint was properly served upon Audia. We agree. Audia could not demonstrate a meritorious defense or claim to present if relief is granted. She also did not demonstrate that she was entitled to relief under any of the grounds stated in Civ.R. 60 (B).

{¶36} Because Audia concedes service on the original Complaint and the record supports service on the amended Complaint, the trial court did not err or otherwise abuse its discretion by denying her motion under both common law principles and pursuant to Civ.R. 60(B).

11

**{¶37}** Audia also alleged in her motion to vacate that she was able to pay the judgment. She provided no evidence in support of that contention. Importantly, at the time of her motion, she no longer had the ability to satisfy the mortgage as the Property had been sold and a Confirmation of Sale was filed. Audia's right to redeem the Property had been extinguished by the sale of the Property to the third-party purchaser. Further, her assertion that she has access to the necessary funds to satisfy Fifth Thid after the sale has occurred is not a meritorious defense.

**{¶38}** Audia also argued that the entry should be vacated as it is unjust that she and her children will lose out on approximately $200,000 in equity. The residence was sold at Sheriff's sale for approximation $400,000. It was appraised for $600,000. This is not unusual that a residence would sell for less than the appraised value at a Sheriff's sale. This complies with the statutory authority surrounding the sale. R.C. 2329.20. As such, her allegation is not a meritorious defense. While Audia suggested in her motion to vacate "other meritorious defenses," none were specified. The claims Audia raises are not meritorious defenses to the Complaint and do not amount to operative facts. As such, the trial court properly denied her motion to vacate.

**{¶39}** Audia next argues that the trial court erred by failing to hold a hearing on her motion to vacate. We disagree. The trial court did not need to afford Audia a hearing to assess the credibility of her assertions as Audia conceded that she was served with the original Complaint and a certified mail return receipt showing successful delivery was docketed. The amended Complaint merely added a necessary party and because Audia had not filed an answer to the original complaint or other responsive pleading, she was in

12

default. Thus, Fifth Third did not need to serve the amended Complaint pursuant to Civ. R. 5.

{¶40} Moreover, "[a] movant has no automatic right to a hearing on a motion for relief from judgment." *Nationstar Mtge., LLC v. Abston*, 2019-Ohio-3003, 140 N.E.3d 1103, ¶ 46 (2d Dist.), *quoting Hrabak v. Collins*, 108 Ohio App.3d 117, 121, (8th Dist.1995). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). (Citations omitted)." *Id.*, quoting *GMAC Mortgage LLC* v. *Herring*, 2010-Ohio-3650 at ¶ 33 (2d Dist.). "Operative facts" has been defined "as facts that, if proven, would give rise to a meritorious defense." *Society Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.*, 63 Ohio App.3d 413, 418 (9th Dist. 1989). Because Audia's motion did not contain allegations of operative facts that would warrant relief under Civ.R.60(B), she was not entitled to an evidentiary hearing. The trial court did not err or otherwise abuse its discretion in denying her motion without a hearing.

{¶41} As such, Audia's first, second, third, and fourth assignments of error are without merit.

{¶42} In her fifth and final assignment of error, Audia alleges that the trial court erred by granting Fifth Third's motion to confirm Sheriff's sale without giving Audia an opportunity to respond in violation of the Portage County Local Rules.

{¶43} As noted above, parties have a limited right to appeal the confirmation of sale. The parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced

13

by the mortgagee for inspections, appraisals, property protection, and maintenance. Generally, after a sale has been confirmed, the sale will only be set aside if the sale was not conducted in accordance with R.C. 2329.01 through R.C. 2329.61.

{¶44} Audia argues that the trial court did not provide the 14-day window to respond to the Confirmation of Sale entry as set forh in Local Rule 39.

> It is well-settled that the enforcement of Local Rules is a matter within the discretion of the court promulgating the rules. *In re D.H.*, 8th Dist. No. 89219, 2007-Ohio-4069, at ¶ 25 ("[c]ourts are given latitude in following their own local rules; the enforcement of court rules is within the discretion of the court"); *Babel v. Babel*, 12th Dist. Nos. CA2005-05-104 and CA2005-06-141, 2006-Ohio-4323, at ¶ 20 ("the enforcement of a local procedural rule is a matter within the discretion of the trial court"); *Huntington Natl. Bank of Northeast Ohio v. Ashshaheed*, 11th Dist. No. 88-A-1405, 1989 Ohio App. LEXIS 4567, at *6-*7, 1989 WL 149316 ("as courts are to be given latitude in following their own local rules the enforcement of rules of court is held to be within the sound discretion of the court").

*Dvorak v. Petronzio*, 2007-Ohio-4957, ¶ 30 (11th Dist.).

{¶45} Moreover, a trial court's noncompliance with its local rules does not constitute reversible error. *JPMorgan Chase Bank v. Clark*, 2017-Ohio-7765, ¶ 14 (7th Dist.).

{¶46} Here, Audia failed to appear before the trial court and failed to file an answer to either the initial or amended Complaints or file any other responsive pleading. It was not until after the Confirmation of Sale that Audia made her first appearance and filed a motion to vacate. Because Audia had not appeared before the court during the entirety of the proceedings, it was not an abuse of discretion to file the confirmation of sale prior to the guideline set forth in the trial court's Local Rules. Noncompliance with the Local

Rules does not warrant reversal in this case. As such, Audia's fifth and final assignment of error is without merit.

{¶47} As none of Audia's claims are meritorious, the judgments of Portage County Court of Common Pleas are hereby affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

15

Case Nos. 2024-P-0014, 2024-P-0016