[Cite as *Bragg v. Maroti*, 2015-Ohio-4830.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| RICKY BRAGG, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-T-0059** |
| JOHN MAROTI dba | : | |
| PRECISION AUTOMOTIVE & CUSTOM, | | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Girard Municipal Court, Case No. 2014 CVI 257.

Judgment: Affirmed.

*John P. Lutseck*, 771 Youngstown-Kingsville Road, P.O. Box 49, Vienna, OH 44473 (For Plaintiff-Appellant).

*Krishna James*, P.O. Box 417, Youngstown, OH 44501-0417 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Ricky Bragg, timely appeals the municipal court's decision arising from his small claims suit. Bragg argues in his sole assigned error that the trial court erred in granting Maroti a lien on appellant's truck, the right to retain possession of appellant's truck, and ownership of appellant's truck. For the following reasons, we affirm.

{¶2} Bragg filed suit alleging that Maroti failed to repair his automobile. For relief he requested return of his vehicle and money damages. Maroti did not

counterclaim. Following a bench trial, the trial court concluded that Bragg failed to prove the substance of his allegations and found that he was not entitled to any requested relief. The trial court did not, however, grant Maroti a lien on the vehicle, rule that Maroti had a right to retain possession, or award Maroti title.

{¶3} As Bragg contends, the trial court refers to law governing mechanic liens and discusses title and possession issues in its findings of fact and conclusions of law as well as in its judgment entry. Thus, to an extent, Bragg's misreading of the trial court's decision is understandable. However, because the trial court's judgment entry does not aggrieve Bragg in the manner in which he perceives, his appeal lacks merit.

{¶4} In deciding the replevin aspect of the case, the trial court concluded that Bragg failed on his burden of proof. However, a *small claims court* lacks jurisdiction over replevin claims. R.C. 1925.02(A)(1)(a)(i). Thus, as opposed to deciding the case as it did, the trial court should have denied the claim on jurisdictional grounds. Nevertheless, as the outcome was correct, the judgment is affirmed on an alternative basis.

{¶5} Based on the foregoing, the judgment of the Girard Municipal Court is affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

2