[Cite as *Smith v. Smith*, 2016-Ohio-3223.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SHERIE KAY SMITH | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 CA 0901 |
| VS. | ) | |
| | ) | OPINION |
| RICKY KEATH SMITH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Appeal from the Court of Common
Pleas, Domestic Relations Division of
Carroll County, Ohio
Case No. 13 DR B 27522

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee      Attorney Jennifer Thomas
26 Second Street SE
PO Box 235
Carrollton, Ohio 44615

For Defendant-Appellant      Attorney Michael Boske
122 Central Plaza North
Canton, Ohio 44702

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: May 31, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Ricky Keath Smith appeals the judgment of the Carroll County Court of Common Pleas granting a divorce between he and Plaintiff-Appellee, Sherie Kay Smith.  Ricky asserts that the trial court erred by finding that the appreciation in value of real estate parcels purchased and improved during the marriage with premarital, separate funds, constituted marital property. Second, he asserts the trial court erred by failing to properly divide a signing bonus of an oil and gas lease.  For the following reasons, Ricky's arguments are meritless, and the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} Sherie and Ricky Smith were married on July 30, 2010.  On May 7, 2013, Sherie filed a Complaint for Divorce. Ricky filed his Answer and Counterclaim. At trial, the parties stipulated to incompatibility as the grounds for a divorce and that there were no children from this marriage. The main dispute was whether the appreciation in value of three parcels purchased during the marriage with Ricky's premarital funds was marital, or Ricky's separate property.

{¶3} Ricky made a living by buying and then reselling real estate.  Prior to the marriage, Ricky had obtained a line of credit secured by a premarital parcel he owned on Pacific Road in Carrollton.  During the marriage, Ricky financed the purchase of three parcels using the premarital line of credit, one on Fifth Street in Carrollton, one in Minerva, and one in Jewett.

{¶4} Ricky and Sherie agreed to the purchase and appraisal prices of all three parcels.  The Fifth Street property was purchased for $46,000 and appraised at $107,720. The King Street property was purchased for $35,000 and appraised at $57,890 post-renovation.  The Cross Street property was purchased for $10,000 and appraised at $14,520.  Both Ricky and Sherie testified that they improved the value of all three parcels during the course of the marriage by providing either labor or funding.

{¶5} Ricky and Sherie also signed an oil and gas lease for the property located on Pacific Road in Carrollton, for which Ricky received a $56,000.00 bonus.

{¶6} In the divorce decree, the trial court ordered Sherie to quitclaim her interest in all three parcels, and ordered Ricky to pay Sherie as follows for each property: $30,917 for the Fifth Street property in Carrollton; $11,319.00 for the King Street property in Minerva; and $2,260.00 for the Cross Street property in Jewett.

{¶7} Regarding the oil and gas leases, the trial court ruled:

The Court further finds that the Defendant received during the marriage an advanced royalty or bonus money in the sum of $56,000.00. The Court finds the $56,000.00 to be ordinary income. The Court finds that the money was deposited into the line of credit and used to pay marital expenses.

The Court further finds any royalty money to be received in the future from Defendant's separate real estate to be his separate property.

**Improper Cross-Appeal**

{¶8} While the substance of Ricky's second assignment of error will be addressed below, Sherie's response amounts to an improper cross-appeal. As Sherie did not file a notice of cross-appeal, we will not address Sherie's argument.

{¶9} App.R. 3(C)(1) provides as follows:

A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App. R. 4.

{¶10} Sherie attempts to raise an argument that would change or modify the judgment of the trial court regarding the oil and gas leases. She asserts the trial court incorrectly applied the law, and argues what should have been awarded under each lease. An appellee may assert arguments as a shield to defend a judgment

and prevent reversal without filing a cross-appeal. However, an appellee may not assert arguments as a sword to destroy or modify a judgment; to do so necessitates the filing of a cross-appeal. *Harper v. Dog Town, Inc.*, 7th Dist. No. 08 NO 348, 2008-Ohio-6921, ¶ 51, citing *Duracote Corp. v. Goodyear Tire & Rubber Co.*, 2 Ohio St.3d 160, 443 N.E.2d 184 (1983).

**{¶11}** Sherie's arguments challenge the trial court's order and seek a reversal. As such, she was required to file a notice of cross-appeal to properly vest this court with jurisdiction to consider her arguments. Because she failed to do so we are precluded from addressing the merits of her arguments, insofar as they seek to modify the trial court's order regarding the oil and gas leases. We will consider any arguments she raises in support of affirming the trial court's order.

### Marital Property and Traceability

**{¶12}** In his first of two assignments of error Ricky states:

The trial court's finding that the appreciation in value of the Appellant's pre-marital real property was marital property was an abuse of discretion.

**{¶13}** Trial courts must divide marital property equitably. R.C. 3105.171(B). However, a trial court possesses broad discretion in determining what is equitable. *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994). Thus, a reviewing court applies an abuse of discretion standard of review. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013–Ohio–5552, ¶ 50.

**{¶14}** There are statutorily enumerated factors a trial court must address in its judgment when dividing marital property, so that the "division of property [is] in sufficient detail so as to permit a meaningful review on appeal." *Heslep v. Heslep*, 7th Dist. No. 825, 2000 WL 818909, *2 (June 14, 2000), citing *Kaechele v. Kaechele*,

35 Ohio St.3d 93, 518 N.E.2d 1197 (1988); R.C. 3105.171(G).

**{¶15}** Real property is considered to be marital property if it is: 1) currently owned by one or both spouses and was acquired during the marriage, 2) either or both spouses has a current interest in the property, and the interest was acquired during the marriage, or 3) the value of appreciation in real property is "due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a). Marital property does not include "separate property." R.C. 3105.171(A)(3)(b).

**{¶16}** Separate property is defined as any real or personal property or interest in property found by a trial court to be within any of the seven categories listed under the statute. R.C. 3105.171(A)(6)(a)(i-vii). "In its simplest terms, separate property includes all real and personal property that was acquired by one spouse prior to the marriage." *Frederick v. Frederick*, 11th Dist. No. 98-P-0071, 2000 WL 522170, *6 (Mar. 31, 2000). "The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." *Mills v. Mills*, 7th Dist. No. 98-CO-75, 1999 WL 1138584, *2 (Dec. 7, 1999).

**{¶17}** "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). This analysis starts with the source of the funds at issue; commingled separate property does not become marital property "if the relevant financial and legal history of the property is traceable and shows the separate nature of the property was maintained during the marriage." *Akers v. Akers*, 7th Dist. No. 14 NO 419, 2015-Ohio-3326, ¶ 13.

**{¶18}** Ricky asserts that the application of the doctrine of traceability prevents a finding that any of the parcels' appreciation is marital. Particularly, he argues that because the funds used to improve the parcels were drawn on a premarital line of credit, secured by a premarital parcel, and most of the improvements were the result of his labor, the appreciation is his separate property.

**{¶19}** The three parcels at issue were purchased during the marriage with funds from Ricky's premarital line of credit. The trial court's award to Sherie relative to the three parcels represents approximately one-half of the appreciation in value during the course of the marriage, calculated as the difference between the purchase price and appraised value.

**{¶20}** R.C. 3105.171(A)(3)(a)(iii) explicitly states that improvements made during the course of the marriage are marital property. Ricky's argument that the doctrine of traceability destroys the marital property status of appreciation due to the labor of one or both spouses is contrary to our holding in *Akers*.

**{¶21}** In *Akers*, we held that one half of the purchase price from the wife's separate, premarital property used to purchase the marital residence during the marriage remained her separate property. We explained that the doctrine of traceability supported the trial court's finding that funds used from the wife's premarital settlement of an automobile accident, kept in a separate account during the marriage, were separate and identifiable. *Id.* at ¶ 22. Particularly pertinent to this appeal we noted that there was "no evidence in this record that the increase in value of the property was due to any marital efforts." *Id.* at ¶ 21. Therefore, the question of whether the funds were separate or marital property in *Akers* was resolved by the concept of passive income, which is defined and categorized as separate property. R.C. 3105.171(A)(4) – (A)(6).

**{¶22}** Unlike *Akers*, this case does not involve passive income or appreciation. Here, the increase in value of the three parcels was found by the trial court to have been due to labor of one or both spouses during the marriage.

**{¶23}** We cannot ignore the explicit statutory mandate when applying the doctrine of traceability. R.C. 3105.171(A)(3)(a)(iii) states that marital property includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." While the doctrine of traceability may help ascertain that the funds used to purchase and improve the parcels came solely from Ricky, that fact is not in

dispute.

**{¶24}** When one or both spouses' efforts contribute to the appreciation of separate premarital property, "the requirements of R.C. 3105.171(A)(3)(a)(iii) are met, as the statute requires the contribution of only one spouse." *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 403, 1998-Ohio-403, 696 N.E.2d 575 (1998). Here, there is sufficient evidence in the record to show that both Ricky and Sherie contributed labor and/or funds to the improvement of the three parcels purchased with Ricky's pre-marital funds. Thus, the appreciation on the three parcels became marital property under R.C. 3105.171(A)(3)(a)(iii). Therefore, the trial court did not abuse its discretion in awarding equitable amounts of this appreciation to Sherie.

**{¶25}** Finally, there is sufficient detail in the decree to comply with R.C. 3105.17(G). The trial court found that the marriage was of short duration, that the parties were married on July 30, 2010, and that the parties agreed as to both the purchase price and appraisal value of all three parcels at issue in the action. There is no procedural flaw or deficiency as to this requirement. As such, Ricky's first assignment of error is meritless.

### Oil and Gas Lease Error

**{¶26}** In his second and final assignment of error, Ricky asserts:

> The trial court abused its discretion by awarding the Appellee one half interest in the signing bonus Appellant received for an oil and gas lease on a [sic] his pre-marital real property.

**{¶27}** The one-half interest in the signing bonus at issue here, relates to the $56,000 payout from the lease executed in relation to premarital real property, located on Pacific Road in Carrollton. However, the trial court found that the bonus had already been received, and "deposited into the line of credit and used to pay marital expenses." Thus, the trial court did not divide the signing bonus.

**{¶28}** Ricky further argues that any future royalty payments from this parcel are his separate property and the trial court abused its discretion by ruling otherwise.

However, the trial court explicitly held that such funds were Ricky's separate property. Thus, the trial court found in Ricky's favor on this issue.

{¶29} As such, Ricky does not direct us to any cognizable or alleged error relating to the division of marital property under any oil and gas lease agreement. Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal. *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 32, 677 N.E.2d 1212 (8th Dist.1996). Thus, there are no errors that can be addressed with regard to the oil and gas leases, especially since we have held that Sherie cannot challenge the trial court's holding on this issue due to her failure to file a cross-appeal.

{¶30} Thus, for the foregoing reasons, Ricky's assignments of error are meritless; Sherie's arguments are barred from merit determination; and the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.