[Cite as *Dancybey v. Dancy-Dunlap*, 2022-Ohio-2774.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ROY L. DANCYBEY,                                  :

    Plaintiff-Appellant,              :

    v.                                              :

MIA DANCY-DUNLAP, ET AL.,           :

    Defendants-Appellees.          :

No. 111089

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED
IN PART; AND REMANDED
**RELEASED AND JOURNALIZED:** August 11, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-882333

---

### *Appearances:*

Schuster & Simmons Co., L.P.A. and Nancy C. Schuster,
*for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Plaintiff-appellant, Roy L. Dancybey, executor of the estate of Willie J. Dancy, appeals from the trial court's judgment adopting the magistrate's decisions that quieted title and awarded damages. Dancybey contends that the trial court erred in adopting the magistrate's decision regarding damages because it did not award him treble damages, despite granting him summary judgment on his claim

against defendant-appellee, Mia Dancy-Dunlap, under R.C. 2307.60 and 2307.61(A). He further contends that the trial court erred in adopting the magistrate's decision because it failed to award attorney fees. For the reasons that follow, we affirm in part, reverse in part, and remand with instructions for the trial court to enter judgment awarding Dancybey $179,100 in treble damages.

## I. Background

{¶ 2} In 1985, when Dancy-Dunlap was a child, her grandparents, Willie J. Dancy and his now-deceased wife, Mary, executed a quitclaim deed titling their home to Dancy-Dunlap. The deed was prepared to assure that Dancy-Dunlap, who was estranged from her parents and living with Willie and Mary, would have a home should they predecease her. The deed was never delivered to Dancy-Dunlap and in 1994, Willie and Mary prepared reciprocal wills granting all of their real and personal property to each other and then to their six children.

{¶ 3} Dancy-Dunlap moved out of the home in 2003 when she got married, and Mary died in 2008. Willie continued to live in the home and in 2011, his daughter Wilma, who was a registered nurse, moved in to care for him. Unknown to the family, in 2012, Dancy-Dunlap found the 1985 quitclaim deed, took it, and on February 17, 2012, recorded it with the Cuyahoga County Recorder without Willie's permission. Then, after Willie went into a nursing home, she filed an eviction action against her aunt. In November 2013, she used the fraudulently obtained title to the property as collateral for an open-ended mortgage on the property from North Coast Credit Union.

{¶ 4} Willie's initial complaint against Dancy-Dunlap was dismissed without prejudice. He refiled his complaint in June 2017, asserting claims against Dancy-Dunlap, North Coast Credit Union, Ford Motor Credit Company (which had recorded a lien against the property), and Patrick Dunlap (Dancy-Dunlap's ex-husband). Count 1 asserted a claim under R.C. 5303.01 to quiet title to the property; Count 2 asserted a claim for fraud and deception pursuant to R.C. 2307.60 and 2307.61 and sought treble damages of $179,100 for Dancy-Dunlap's theft of the property.[1] Willie died shortly after the complaint was filed and Dancybey, as executor of Willie's estate, was substituted as plaintiff. New counsel was substituted in October 2017.

{¶ 5} Patrick Dunlap, who had been divorced from Dancy-Dunlap since 2006, was later voluntarily dismissed without prejudice. North Coast Credit Union was dismissed with prejudice after it released its lien on the property.

{¶ 6} The magistrate subsequently issued a decision granting Dancybey's motion for summary judgment on both counts and rendering judgment in favor of Dancybey against Dancy-Dunlap[2] and default judgment against Ford Motor Credit

---

[1] R.C. 2307.60 provides a mechanism for civil recovery following criminal acts for "[a]nyone injured in person or property by a criminal act." R.C. 2307.60(A). R.C. 2307.61 is applicable where a property owner brings a civil action to recover from a person who willfully damages the owner's property or commits a theft offense, as defined in R.C. 2913.01, that involves that owner's property. *Olive Oil, L.L.C. v. Cleveland Elec. Illum. Co.*, 8th Dist. Cuyahoga No. 10955, 2021-Ohio-2309, ¶ 28.

[2] The magistrate found that Dancy-Dunlap's actions constituted theft by deception under R.C. 2913.02(A)(1) and (3), which provide that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * (1) without the consent of the owner or person authorized to give consent; * * * (3) by deception."

Company. After a damages hearing, the magistrate issued a written decision "declining" to award treble damages under R.C. 2307.61(A)(1)(b). The magistrate found that it was "clear" that Dancybey was seeking to recover treble damages under R.C. 2307.61(A)(1)(b), but concluded that "given the absence of mandatory terms such as 'must' or 'shall'" in the statute, it was "within the court's discretion as to whether to award treble damages in this matter." After determining that an award of treble damages would result in a "windfall" to Dancybey, the magistrate did not award such damages.

{¶ 7} With respect to attorney fees, the magistrate found that the evidence and testimony presented at the hearing demonstrated that substitute counsel had utilized 89 and one-half hours of time as of the date of the hearing and billed $12,571.25 in attorney fees. The magistrate found, however, that no evidence was presented regarding what hourly rate was charged for the various services provided, and thus, because the court was "without information" as to what hourly rate was charged, it could not determine if the hourly rate was reasonable. Accordingly, the magistrate awarded $0 in attorney fees for the services provided by substitute counsel. The magistrate also declined to award attorney fees incurred in prosecuting the original action or the eviction action. It did, however, award $499.38 in court costs and $100 in damages for costs incurred by Dancybey in changing the locks on the house.

**{¶ 8}** Dancybey filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decisions. This appeal followed.

## II. Law and Analysis

### A. Treble Damages

**{¶ 9}** In his first assignment of error, Dancybey contends that the trial court erred in adopting the magistrate's decision that failed to award him treble damages despite granting summary judgment to him on his claim under R.C. 2307.60 and 2307.61. Dancybey contends that pursuant to R.C. 2307.61(A), a plaintiff may elect his remedy from the options set forth in the statute and if the plaintiff is successful on his claim, the trial court may not disregard the plaintiff's election. Accordingly, Dancybey contends that the trial court erred in finding that an award of treble damages pursuant to R.C. 2307.61(A) was discretionary with the court. Our standard of review is de novo because interpretation of a statute is a question of law. *X-Technology v. MJ Technologies, Inc.*, 8th Dist. Cuyahoga No. 80126, 2002-Ohio-2259, ¶ 13.

**{¶ 10}** "R.C. 2307.61 permits property owners to seek prescribed compensatory or liquidated damages in the event of theft." *Buckeye Check Cashing, Inc. v. Proctor*, 10th Dist. Franklin No. 98AP-1103, 1999 Ohio App. LEXIS 2678, 3 (June 15, 1999). Under the statute, "the property owner may elect to recover" compensatory damages in the amounts specified by the statute under R.C. 2307.61(A)(1)(a) or liquidated damages "in whichever of the following amounts is

greater: (i) Two hundred dollars; (ii) Three times the value of the property at the time it * * * was the subject of a theft offense * * *." R.C. 2307.61(A)(1)(b).

{¶ 11} If the plaintiff successfully prosecutes his claim, the trial court may not disregard a plaintiff's election for treble damages under R.C. 2307.61(A)(1)(b) and decline to award such damages. "Once a plaintiff has prevailed on a claim under R.C. 2307.60(A)(1) premised upon the commission of a theft offense, the remedy is * * * determined by the plaintiff's election." *Commonwealth Land Title Ins. Co. v. Choice Title Agency, Inc.*, 9th Dist. Lorain Nos. 11CA009981 and 11CA9983, 2012-Ohio-2824, ¶ 22, citing *X-Technology, Inc. v. MJ Technologies*, 8th Dist. Cuyahoga No. 80126, 2002-Ohio-2259, ¶ 27 ("[U]pon proof of the fact that [the plaintiff] has been damaged through a criminal act * * * he becomes entitled to the remedy chosen.").

{¶ 12} The magistrate concluded that the word "may" in the phrase "may elect to recover," instead of words such as "shall" or "must" regarding the election, suggested that the recovery of treble damages was "permitted but not required" under the statute. The magistrate, and thus the trial court in adopting the magistrate's decision, misconstrued the statute.

{¶ 13} As this court recognized in *X-Technology*, cases interpreting an earlier version of R.C. 2307.61(A) found that recovery of treble damages under the statute was a discretionary determination to be made by the trier of fact. *Id.* at ¶ 27, fn. 5. Those decisions, however, made that determination under a version of the statute that did not give a plaintiff the option of electing a particular damage remedy,

but merely provided that a plaintiff "*may* recover compensatory damages" and "additionally *may* recover exemplary damages." (Emphasis added.) *Id.* R.C. 2307.61 was amended in 1992 to its present form, "expanding the dollar value of cases in which exemplary damages are available and providing that the plaintiff 'may elect to recover' in the ways described therein." *Commonwealth* at ¶ 21. Accordingly, earlier cases interpreting the language of R.C. 2307.61(A) to be a discretionary determination and later cases adopting those holdings without reference to the changes in the statute are not dispositive. *Id.* Under the current version of the statute, a prevailing plaintiff who has elected treble damages under R.C. 2307.61(A) is entitled to his chosen remedy. *Id.* at ¶ 22; *X-Technology* at ¶ 27.

{¶ 14} The trial court granted summary judgment to Dancybey on his claim against Dancy-Dunlap for civil liability under R.C. 2307.60 and 2307.61 arising from her theft of the quitclaim deed, which she then used as collateral to obtain a mortgage on the property. The trial court also recognized that "[b]oth paragraph 34 of the complaint and the second paragraph of the prayer for relief in the complaint clearly state plaintiff is seeking 'liquidated treble damages' under R.C. 2307.61(A)(1)(b)." Because Dancybey prevailed on his claim under R.C. 2307.61 that involved a theft offense, he was entitled to his chosen remedy under R.C. 2307.61(A). Accordingly, the trial court erred in adopting the magistrate's decision "declining" to award treble damages. The first assignment of error is sustained.

**B. Attorney Fees**

{¶ 15} In his second assignment of error, Dancybey contends that the trial court erred in adopting the magistrate's decision that awarded $0 in attorney fees.

{¶ 16} In *Bittner v. Tri-County Toyota, Inc.,* 58 Ohio St.3d 143, 569 N.E.2d 464 (1991), the Ohio Supreme Court set forth a two-part test for determining a reasonable attorney fee award. First, the trial court multiplies the numbers of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* at 145. This calculation provides "an initial estimate of the value of the lawyers' services." *State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 106, ¶ 3. The trial court may then adjust the fee upward or downward based on the factors listed in Prof.Cond.R. 1.5(a). These factors include:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) Whether the fee is fixed or contingent.

Prof.Cond.R. 1.5(a).

{¶ 17} The party seeking an award of attorney fees bears the burden of demonstrating the reasonableness of the requested fees. *Bales v. Forest River, Inc.*, 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160, ¶ 19, citing *Nordquist v. Schwartz*, 7th Dist. Columbiana No. 11 CO 21, 2012-Ohio-4571, ¶ 22 ("The requesting party bears the burden of proving evidence of any hours worked that would be properly billed to the client, proving the attorney's hourly rate, and demonstrating that the rate is reasonable."); *see also Unick v. Pro-Cision, Inc.*, 7th Dist. Mahoning No. 09MA171, 2011-Ohio-1342, ¶ 29 (the party requesting attorney fees "bears the burden of proving the attorney's hourly rate and of establishing that the rate is reasonable.").

{¶ 18} We review a trial court's decision regarding an award of attorney fees for abuse of discretion. *Bittner* at 146. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *see also Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9 ("'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record nor reason.").

{¶ 19} At the damages hearing in this case, various members of the decedent's family testified regarding their familiarity with the underlying theft, their involvement in the subsequent legal proceedings, and the reasonableness of the attorney fees charged by their representatives. In support of its request for attorney fees, Dancybey submitted invoices marked Exhibits D and H, which meticulously identified the date of the service; the attorney, associate, paralegal, clerk, and intern

who provided the service; a description of the service provided; the hours billed for each service; the total hours billed in the invoice; and the amount due.

{¶ 20} Given (1) the testimony presented at the damages hearing, (2) the availability of the total hours billed, and (3) the availability of the total amount charged, the magistrate was undoubtedly presented with sufficient information to determine the average hourly rate charged by associates of Schuster & Simmons Co., L.P.A. and whether those charges were reasonable. As set forth in the affidavit attached to the objections to the magistrate's decision, it is clear that the rates charged by Schuster & Simmons Co., L.P.A. were consistent with the rates charged in this community and that plaintiff's counsel was under the impression that any questions concerning the reasonableness of the charges were addressed at the hearing and supported by the submitted exhibits. Accordingly, we find that the magistrate's decision was not premised on counsel's failure to provide sufficient evidence going to the relevant factors listed under Prof.Cond.R. 1.5 but was the result of the court's own failure to inquire or seek clarification from counsel during the damages hearing. The trial court erred, therefore, in adopting the magistrate's conclusion that the court "was without information as to what hourly rate was charged in this matter for the various services provided" and thus, "could not determine if the hourly rate was reasonable."

{¶ 21} Nevertheless, the trial court did not abuse its discretion in awarding $0 in attorney fees.

{¶ 22} Relevant to this appeal, R.C. 2307.60 provides a mechanism for civil recovery for "[a]nyone injured in person or property by a criminal act." Specifically, the statute provides that a person or property injured by a criminal act:

> may recover the costs of maintaining the civil action and attorney's fees *if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state * * *[.]*

(Emphasis added.)

{¶ 23} In this case, the statute authorizing the award of attorney fees contemplated under R.C. 2307.60 is governed by R.C. 2307.61. Under R.C. 2307.61, a property owner may bring a civil action pursuant to R.C. 2307.60(A) to recover from a person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01. In addition to the treble damages permitted under division (A)(1) of the statute, R.C. 2307.61(A)(2) provides as follows:

> *In a civil action in which the value of the property that* was willfully damaged or *was the subject of a theft offense is less than five thousand dollars*, *the property owner may recover* damages as described in division (A)(1)(a) or (b) of this section and additionally may recover the reasonable administrative costs, if any, of the property owner that were incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and *reasonable attorney's fees*, if all of the following apply:
>
> (a) The property owner, at least thirty days prior to the filing of the civil action, serves a written demand for payment of moneys as described in division (A)(1)(a) of this section and the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, upon the person who willfully damaged the property or committed the theft offense.
>
> (b) The demand conforms to the requirements of division (C) of this section and is sent by certified mail, return receipt requested.

(c) Either the person who willfully damaged the property or committed the theft offense does not make payment to the property owner of the amount specified in the demand within thirty days after the date of its service upon that person and does not enter into an agreement with the property owner during that thirty-day period for that payment or the person who willfully damaged the property or committed the theft offense enters into an agreement with the property owner during that thirty-day period for that payment but does not make that payment in accordance with the agreement.

(Emphasis added.)

{¶ 24} The argument presented in support of Dancybey's request for attorney fees under R.C. 2307.60 relied exclusively on the authority afforded under R.C. 2307.61 (Tr. 45.) It is undisputed, however, that the value of the property that was the subject of a theft in this case involved property that far exceeded the statutory amount of $5,000 referenced in R.C. 2307.61(A)(2). Thus, even without considering whether he complied with the requirements set forth in R.C. 2307.61(A)(2)(a)-(c), it is apparent that Dancybey is not entitled to receive attorney fees under R.C. 2307.61 based on the value of Willie's home. *See, e.g., Justice v. Justice,* 12th Dist. Butler Nos. CA2004-03-074 and CA2004-04-084, 2005-Ohio-1802, ¶ 21 ("[R.C. 2307.61(A)(2)] only provides that a plaintiff may recover reasonable attorney fees 'in a civil action in which the value of the property that was willfully damaged or was the subject of a theft offense is less than five thousand dollars.' Because the aggregate amount of [defendant's] withdrawal exceeded this limit, [plaintiff] is not entitled to receive attorney fees under this statute."). Given Dancybey's failure to cite an alternative rule, statute, or common law authority that may authorize the recovery of attorney fees in this case, the trial court properly

awarded $0 in attorney fees in this case. The second assignment of error is overruled.

{¶ 25} Judgment affirmed in part; reversed in part; and remanded with instructions for the trial court to enter judgment awarding Dancybey treble damages of $179,100.[3]

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR

---

[3] Dancybey's complaint sought $179,100 in treble damages. This amount is supported by Exhibit A, which was admitted at the damages hearing and reflects the yearly valuations of the property by Cuyahoga County for tax years 1996 through 2019. Exhibit A reflects that only one and one-half months before Dancy-Dunlap filed the stolen quitclaim deed with the Cuyahoga County Recorder, the property was valued at $59,700 for tax year 2011 ($59,700 x 3 = $179,100).