[Cite as *Brake v. Dolezal*, 2025-Ohio-338.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| JESSICA BRAKE, | **CASE NO. 2024-A-0060** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the County Court, Western Division |
| CHARLES DOLEZAL, et al., | |
| Defendants-Appellants. | Trial Court No. 2024 CVI 00112 W |

**O P I N I O N**

Decided: February 3, 2025
Judgment: Affirmed

*Jessica Brake*, pro se, 205 Telling Drive, Geneva, OH 44041 (Plaintiff-Appellee).

*Dennis D. Decamillo*, 1029 Lake Road, Ashtabula, OH 44004 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1} Appellants, Charles and Sandra Dolezal, appeal the judgment of the Ashtabula County Court, Western Division, in favor of Appellee, Jessica Brake, after a small claims court bench trial. The trial court found that the Dolezals had retained property removed from their rental home that belonged to Brake and had failed to return it. The trial court ordered the Dolezals to pay damages of $1,000.00 with 5% annual interest from the date of judgment.

{¶2} The Dolezals' brief asserts three assignments of error arguing: (1) the trial court erred by putting the obligation of restoration of the property on the Dolezals; (2) the

trial court erred by admitting Brake's inventory of property into evidence over objection; and (3) the trial court erred in determining damages.

{¶3} Having reviewed the record and the applicable caselaw, we find the Dolezals' assignments of error to be without merit. First, Brake filed a complaint for money damages and did not seek replevin of her property. Further, the small claims court does not have jurisdiction over replevin claims. Second, the rules of evidence do not apply in small claims court, and the trial court did not err by accepting Brake's inventory of property as submitted. Third, the trial court was in the best position to weigh the evidence and determine the credibility of the witnesses when determining the value of Brake's property. Although the Dolezals disputed the accuracy of Brake's inventory, the Dolezals also acknowledged that they retained "quite a bit" of Brake's possessions, and we will not disturb the trial court's judgment.

{¶4} Therefore, the judgment of the Ashtabula County Court, Western Division, is affirmed.

## Substantive and Procedural History

{¶5} On March 18, 2024, Brake filed a pro se small claims complaint in the Ashtabula County Court, Western Division. Her complaint claimed that she attempted to retrieve her personal property from the house she had rented from the Dolezals but was unable to do so. She said that the Dolezals had refused to return the property after repeated demands and had illegally converted it in violation of R.C. 2307.61.

{¶6} On May 6, 2024, the trial court held a bench trial. Both parties appeared pro se. At the hearing, Brake testified that she rented a house from the Dolezals. She said that she was evicted on March 8, 2022, and that she did not have access to her personal

2

property in the rental. She said that she asked the Dolezals "that day" to get her property back.

{¶7} Brake said that she continued to attempt to contact the Dolezals and received "no response as of the middle of May." She testified that she was "mostly texting," including on the "8th, 9th, the 10th, the 11th of March," saying, "Why can't we have our stuff back? Give us our stuff back."

{¶8} Brake said that a sheriff's deputy called her to tell her to stop texting the Dolezals or she would be charged with harassment. Brake explained the situation to the deputy, who talked to the Dolezals and related that "for whatever reason" the Dolezals "don't want you to have your things back. If you keep trying to text them or call them, you'll be arrested for harassing them . . . ."

{¶9} Brake submitted several text messages between her and Sandra. In one message sent on May 12, 2022, Sandra told Brake, "I know you got over 8 grand from your tax return. If there's anything left, I'll forgoe [sic] chasing you for the thousands in damage you inflicted onto my beloved home and storage fees for your possessions. Pay your two months late fees, plus $100 in late fees ($1,500) and we can walk away and still remain friends in our hearts." A follow up message from Sandra said, "You can have every stitch of your possessions back. Think about it." In total, Brake said she requested her property back between 20 and 30 times.

{¶10} Brake offered an exhibit listing each of the items she claimed the Dolezals had refused to return to her. The items included a washer and dryer set, several items of furniture, instruments, tools, electronics, toys, decorations, and memorabilia. She said the value was greater than $6,000.00, but she was only seeking $6,000.00 in order to bring

3

the claim in small claims court. Brake said that the inventory might not be complete but that the items on the list were true and accurate.

{¶11} Sandra testified that she obtained an order for restitution of the rental property from the Ashtabula County Court. On March 8, 2022, she went to the property with sheriff's deputies with a writ of restitution. Sandra said that no one was at the rental home at the time, it was "full of garbage, junk," and the property was damaged. However, the Dolezals never filed a second cause of action.

{¶12} Sandra testified that Brake came to the house on March 9, 2022, to retrieve her personal property, and she told Brake not to come back. The Dolezals' testimony indicated that the property "was stored in the house" and also stored "outside, too." Charles said that "some of the stuff that's on that list was outside of the house. It was in the – there was a breezeway, there was a place out back. There was [sic] several items that they could have retrieved that next day when they showed up. They didn't take anything with them. They saw that we had a camera there, and they turned around and left. Their items were in that house for month and months and months." Charles testified that after some time, they got ready to sell the rental house and put the belongings in storage saying, "we still have actually quite a bit of it right now." However, Charles disputed Brake's inventory, saying that "quite a bit" of the items listed "never existed."

{¶13} The court asked the Dolezals if they took reasonable action to return the property to Brake or allow access to recover it. Charles said that Sandra contacted Brake and "in so many words" said "we're going to see you in court. We got a lawyer and we're not setting anything up with you, so –." The trial court asked if the Dolezals still had Brake's belongings in storage. They answered in the affirmative. The trial court asked if

4

Case No. 2024-A-0060

Brake was allowed to have access to retrieve those items. Charles said "here's our problem with the access and why we didn't want them back in the house. I mean, there was a lot of damage there . . . we didn't want them back on the property." The trial court asked, "So, how would they have gotten the property?" Charles said, "well, that would have been the big question, is how they get their stuff back without coming on our property and doing some more malicious damage."

{¶14} The trial court asked Sandra when Brake had an opportunity to retrieve her property, particularly after the March 8, 2022 set out. Sandra offered many explanations for the inability to allow Brake to retrieve the property but did not provide any substantive answer to why the Dolezals failed to offer an opportunity to retrieve the property. She said that they spoke to deputies about Brake's harassment and also responded via email to an attorney representing Brake. In the email, Sandra told the attorney that she "offered to discuss [Brake's] concerns about her property and she refused." The email also said, "Please be advised that, under no circumstances, will Scott and Jessica Brake be allowed anywhere on our property at anytime." She acknowledged sending the May 12, 2022 text to Brake.

{¶15} On June 10, 2024, the trial court issued a written decision finding the following:

> It is clear that both parties share fault with the situation. Landlords have a clear duty to return property to tenants when it is obvious that the property has not been abandoned. It was completely improper for the landlord to demand payment for the return of the property that is rightfully owned by the tenant. But this duty only goes so far. It was improper of the tenant (Plaintiff) in this case to engage in communications that rose to the level of a warning from the County Sheriff and to fail to engage, in good faith, the willingness of the landlord to return the property in early May, 2022.

5

Case No. 2024-A-0060

Plaintiff has presented the Court with a list of property that was not returned by Defendants, but Defendants claim that the actual property stored in the alcove was not to the level or condition that Plaintiff claims.

Judgement is hereby ordered for Plaintiff in the amount of $1,000.00, together with interest thereon at the rate of 5% per annum from the 6th day of May, 2024 and costs herein.

{¶16} The Dolezals, through counsel, timely appealed, raising three assignments of error. Appellee has not filed an answer brief.

**Assignments of Error and Analysis**

{¶17} The Dolezals' first assignment of error states: "The trial court committed legal error in putting the obligation for restoration on the landlord and not the Ashtabula County Sheriff. (T.d. 11)."

{¶18} The Dolezals argue that the trial court erred because the trial court placed the obligation of restoring Brake's personal property on the Dolezals rather than on the Ashtabula County Sheriff. In effect, the Dolezals argue that because the trial court originally issued a writ of restitution for the property after granting their forcible entry and detainer action, the trial court had the power "re-issue the writ of restitution to the Sheriff."

{¶19} However, Brake brought a separate conversion action against the Dolezals. The trial court did not have the authority within Brake's conversion claim to "re-issue" a writ of restitution that originally issued from the Dolezals' forcible entry and detainer action.

{¶20} Brake filed this small claim action, claiming the Dolezals had wrongfully and illegally exerted dominion and control of her property. "R.C. 2307.60 governs a person's statutory right to seek financial recovery for a criminal act. Division (A)(1) generally states that if an individual has been injured in person or property, he may bring a civil action to

6

Case No. 2024-A-0060

recover full damages, attorney fees, and the costs of maintaining the action." *Malin v. Studer*, 2014-Ohio-3366, ¶ 26 (11th Dist.). R.C. 2307.61 permits the property owner to elect to recover compensatory damages as specified by statute. *Dancybey v. Dancy-Dunlap*, 2022-Ohio-2774, ¶ 10 (8th Dist.). R.C. 2307.61(A)(1) provides that "the property owner may elect to recover" either compensatory damages under R.C. 2307.61(A)(1)(a) or liquidated damages under R.C. 2307.61(A)(1)(b).

{¶21} Brake did not bring an action in replevin, which would require the trial court to issue a final judgment to award permanent possession, or, if delivery of the property is not possible, to proceed as a claim for conversion. *See* R.C. 2737.14. Indeed, the small claims court does not have jurisdiction over replevin claims. *Bragg v. Maroti*, 2015-Ohio-4830, ¶ 4 (11th Dist.); R.C. 1925.02(A)(2)(a)(i).

{¶22} Brake's requested remedy was not for restitution of her possessions but for compensatory damages arising from the theft of her possessions. Therefore, the trial court did not err by not ordering restitution of the property.

{¶23} Accordingly, the Dolezals' first assignment of error is without merit.

{¶24} The Dolezals' second assignment of error states: "The trial court committed legal error, as well as plain error, by accepting into evidence a purported inventory with values of Plaintiff-Appellee's remaining property to be admissible over the objection of Defendants-Appellants. (T.d. 11)."

{¶25} In this assignment the Dolezals argue that the trial court erred by accepting Brake's "unauthenticated inventory" as proof of her damages.

{¶26} Small claims court is designed to be a simple, inexpensive, and accessible way for litigants to resolve disputes with minimal legal technicalities. *Cunningham v.*

7

*Miller*, 2010-Ohio-2526, ¶ 53 (11th Dist.). "Ohio law has recognized that different rules need to be applied in small claims court. In fact, Evidence Rule 101[D](8) specifically states that the Ohio Rules of Evidence do not apply in the small claims division of a county or municipal court." *Id.* at ¶ 27. "[B]y design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged." *Cleveland Bar Assn. v. Pearlman,* 2005-Ohio-4107, ¶ 15.

**{¶27}** Although the Dolezals' assignment argues that the trial court improperly accepted Brake's inventory over their objection, no such objection appears in the record. Had an objection been lodged, the nature of small claims court and the inapplicability of the Rules of Evidence would be fatal to their assignment of error. Finally, Brake's testimony, despite the inapplicability of the Rules of Evidence, did satisfy Evid.R. 901. Brake testified that she compiled her inventory from memory and to the best of her ability and that the inventory was true and accurate.

**{¶28}** Accordingly, the Dolezals' second assignment of error is without merit.

**{¶29}** The Dolezals' third assignment of error states: "The trial court committed error of fact in determining the award of damages. (T.d. 11)."

**{¶30}** It is well established that "[o]n the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). "A fact finder

8

is free to believe all, some, or none of the testimony of each witness appearing before it." *State v. Fetty*, 2012-Ohio-6127, ¶ 58 (11th Dist.).

{¶31} In a conversion claim, damages are generally measured by the value of property at the time of conversion. *Holman v. Wiser*, 2023-Ohio-4095, ¶ 54 (11th Dist.). While "market value" or "fair value" are typical standards used for valuation, "'where the property converted by the defendant . . . consists of articles for personal use, which have been used by the owner, and therefore have little or no market value, the measure of damages is the reasonable value to the owner at the time of conversion.'" *Id.* at ¶ 55, quoting *Erie RR. Co. v. Steinberg*, 94 Ohio St. 189 (1916), paragraph three of the syllabus. The owner of property is permitted to testify concerning its value without being qualified as an expert. *Id.* at ¶ 61.

{¶32} The Dolezals argue that Brake did not provide evidence supporting the values of the items she listed in her inventory. Because of this, they assert that the trial court erred in awarding $1,000.00 in damages to Brake. However, as the owner of the property, Brake was in the best position to testify as to its value. Further, as the Dolezals denied Brake access to the property, her best estimate on the lost property and its value based on her memory was appropriate. *See id.* at ¶ 57, 68.

{¶33} Further, the Dolezals admitted that they retained Brake's possessions. Charles said that "we still have actually quite a bit of it right now." The trial court asked if the Dolezals took any reasonable actions to return the property or allow for its recovery, and they explained that they did not want Brake back on their property.

{¶34} Brake submitted an inventory that she stated was true and accurate. The value of the property in the inventory far exceeded the $6,000.00 jurisdictional limits of

9

the small claims court, but Brake said that she opted to file in small claims court because she did not want to have to hire an attorney to bring her case. The trial court was in the best position to weigh the evidence and determine the credibility of the witnesses. The trial court's judgment weighed that competing testimony and determined that a judgment of $1,000.00 was appropriate. As there is no question that the Dolezals retained "quite a bit" of Brake's possessions, we will not disturb the trial court's judgment.

{¶35} Accordingly, the Dolezals' third assignment of error is without merit.

{¶36} For the foregoing reasons, the judgment of the Ashtabula County Court, Western Division, is affirmed.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

10