[Cite as *Fugo v. Rae*, 2026-Ohio-834.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

TAMI FUGO,                                    :

    Plaintiff-Appellant,                    :
                                No. 115235
    v.                                      :

JOHN T. RAE,                                 :

    Defendant-Appellee.                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Civil Appeal from the Parma Municipal Court
Case No. 25CV100656

---

***Appearances:***

Tony Dalayanis, *for appellant.*

Michael T. Rae, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} Tami Fugo appeals the municipal court's judgment awarding her $1,200 on the general claims asserted in a small-claims complaint. For the following reasons, we affirm.

{¶ 2} Fugo and John Rae cohabited for a year and a half in Rae's house. During that time, both agreed to renovate the bathroom, and Fugo purchased patio

furniture, blinds, bedroom furniture, a bidet, a portable shed, and a cable tv subscription. The couple separated, and Fugo moved out. At the trial before the magistrate, at which both parties appeared pro se, Fugo claimed they had an agreement that she would not be obligated to pay anything toward the mortgage, but Rae would reimburse her for her half of the expenses attributed to bathroom renovation and the items she purchased. Rae disagreed and claimed he did not want renovations or other items, but he split the cost of the bathroom renovation. In addition, Rae testified that he offered Fugo several opportunities to retrieve the items Fugo purchased. It is undisputed that Fugo returned to the house after moving out but inexplicably did not retrieve the shed, blinds, patio furniture, or bidet. On that visit, Fugo brought police officers despite the lack of any allegations of misconduct by Rae. At trial, Fugo claimed that Rae's adult son was the cause of her requesting the police escort. That too remained unsubstantiated, although largely unexplored based on relevancy concerns.

{¶ 3} In all, and as demonstrated by the objection to the magistrate's decision, Fugo claimed $6,048 in damages during the trial before the magistrate, which she limited to $6,000 based on the jurisdictional amount requested in her small-claims complaint. *See Kime Design v. Aouthmany*, 2012-Ohio-3183, ¶ 14 (6th Dist.), quoting *Staffilino Chevrolet, Inc. v. Balk*, 2004-Ohio-3633, ¶ 11 (7th Dist.). In addition to the monetary damages, Fugo sought a judgment ordering the return of a portable shed, patio furniture, bidet, and an heirloom coat rack, which constitutes replevin relief that is outside the jurisdictional limitations of a small-

claims court. *Alb United States Auto, Inc. v. Modic*, 2013-Ohio-1561, ¶ 12 (8th Dist.); *see also Brake v. Dolezal*, 2025-Ohio-338, ¶ 21 (11th Dist.), citing *Bragg v. Maroti*, 2015-Ohio-4830, ¶ 4 (11th Dist.) (all citing or referencing R.C. 1925.02(A)(2)(a)(i)); *see also Gates v. Praul*, 2011-Ohio-6230, ¶ 33 (10th Dist.) (defining replevin as a claim to recover possession of identifiable property).

{¶ 4} Upon the evidence presented at trial, the magistrate awarded Fugo $1,200 in damages plus 8 percent interest from April 3, 2025, in a general verdict. Neither party filed a request for findings of fact or conclusions of law under Civ.R. 53(D)(3)(a). Instead, Fugo filed an objection asking for the full $6,000 award and reiterated her request for certain property to be returned. The trial court overruled the objection and entered a final judgment after adopting the magistrate's decision. This appeal timely followed.

{¶ 5} In the three assignments of error presented for review, Fugo claims that the judgment in her favor is in error because the municipal court awarded less than all of the $6,000 sought at trial. According to her, a valid, oral agreement existed between Rae and her, or in the alternative, Rae was unjustly enriched by the improvements to his property or wrongfully converted the specific items to his possession, either of which would also support an award of $6,000. In essence, Fugo is claiming that the damages award is against the weight of the evidence.

{¶ 6} The weighing of evidence as it relates to the computation of damages is a factual determination, reviewed under the manifest-weight standard of review. *Motors, L.L.C. v. Kaba*, 2025-Ohio-640, ¶ 76 (8th Dist.), citing *Revilo Tyluka, LLC*

*v. Simon Roofing & Sheet Metal Corp.*, 2011-Ohio-1922, ¶ 5 (8th Dist.), and *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77 (1984). Under that review, the panel "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 7} The claims Fugo presented are all based on the alleged oral agreement between the parties, an agreement that was contested by Rae. The magistrate concluded that some damages were proven based on an unspecified legal theory. Thus, the award of damages is solely based on the credibility of the parties. Under the manifest-weight standard, appellate courts can only reverse if it clearly has been demonstrated that the trier of fact lost its way and created a manifest miscarriage of justice. We must, however, be cognizant that the trier of fact is free to believe all, some, or none of the evidence presented at trial. *State v. Smith*, 2010-Ohio-4006, ¶ 16 (8th Dist.). Simply because the trier of fact accepted the defense's version of facts as to some of the claimed damages does not rise to the level of demonstrating a miscarriage of justice warranting appellate intervention. This is because reversing a judgment based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against'" the verdict. *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172 (1st Dist. 1983). This is not that case.

{¶ 8} Both parties presented their version of the facts and evidence for the magistrate's consideration. Rae generally contested the existence of any agreement to repay Fugo for the renovations, and conversely, Fugo presented evidence that Rae retained items of some value. Because Fugo failed to request findings of fact, we are left only to review the $1,200 award based on the trial testimony. Nothing in this record demonstrates that Rae's testimony as to the lack of an agreement to repay a majority of the damages sought was inherently incredible or that the $1,200 judgment in Fugo's favor is otherwise against the weight of the evidence based on the arguments presented in this appeal. Although the $1,200 award was less than requested, it "reflect[s] a reasoned, deliberative process by which some elements of evidence were discounted, others discarded, and yet others given full weight, at the end of which a reasonable allocation of damages" was awarded. *Alliance Excavating v. Triangle Real Estate Servs.*, 2009-Ohio-2761, ¶ 34 (10th Dist.).

{¶ 9} It is not for this panel to merely substitute our judgment for that of the trier of fact. In light of the deference with which manifest-weight review is to be applied, and when coupled with the limited arguments essentially asking for a de novo reweighing of the evidence (a form of review not permitted under the manifest-weight review), Fugo's assignments of error are overruled. She has not demonstrated a manifest miscarriage of justice warranting appellate intervention.

{¶ 10} Finally, it must be acknowledged that in his appellee briefing, Rae seeks to have the verdict vacated. No cross-appeal was filed. Under App.R. 3(C)(1), an appellee is required to file a cross-appeal when seeking to change or reverse the

final judgment. Because no cross-appeal was timely filed, we lack jurisdiction to entertain that request. *See Ohio Valley Business Advisors L.L.C. v. AER Inv. Corp.*, 2017-Ohio-1283, ¶ 25 (8th Dist.); *Smith v. Smith*, 2016-Ohio-3223, ¶ 11 (7th Dist.).

{¶ 11} The final judgment entered in Fugo's favor is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
DEENA R. CALABRESE, J., CONCUR